IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BEAVEX HOLDING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10316 (LSS)<br><br>Jointly Administered<br><br>Ref. Docket No.: 16 |

**ORDER (A) APPROVING AND AUTHORIZING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL THE DEBTORS' ASSETS (B) APPROVING AND AUTHORIZING THE BID PROTECTIONS, (C) SCHEDULING THE RELATED AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE, (D) APPROVING PROCEDURES RELATED TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (E) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each a "Debtor", and collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules"), among other things, (a) approving and authorizing certain bidding procedures in connection with the sale of substantially all of the Debtors' assets (the "Assets") (as attached hereto as Exhibit 1, the "Bidding Procedures"), (b) approving and authorizing the Break-Up Fee

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or APA, as applicable.

01:23657216.16

and Expense Reimbursement, (c) scheduling the related auction and hearing to consider approval of sale, (d) approving procedures related to the assumption and assignment of certain of the Debtors' Executory Contracts and Unexpired Leases, (e) approving the form and manner of notice thereof and (f) granting related relief (collectively, the "Bidding Procedures Relief"); and the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Order, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion was sufficient under the circumstances and complied with all applicable requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules; and a hearing having been held to consider the Bidding Procedures Relief; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**THE COURT HEREBY FURTHER FINDS AND DETERMINES THAT:**

A.     The Debtors have demonstrated good and sufficient reasons for, and the best interests of their estates, creditors, and other parties in interest will be served by, this Court granting, to the extent provided herein, the relief requested in the Motion relating to the Bidding Procedures Relief, including approval of (i) the Bidding Procedures, (ii) the Break-Up Fee and the Expense Reimbursement (together, the "Bid Protections") provided for in the Asset Purchase Agreement, by and between the Debtors and TForce Final Mile, LLC, TForce Final Mile West, LLC and TForce Logistics, LLC (collectively, "TForce" or the "Lead Bidder") (including all exhibits, schedules and ancillary agreements related thereto, and as may be amended, supplemented or modified pursuant to its terms (the "APA"), which contemplates a sale (the

"Sale") of the Acquired Assets, subject to the Bidding Procedures, (iii) the procedures described below for the determination of the amounts necessary to cure defaults under the Executory Contract or Unexpired Lease that may be assumed and assigned pursuant to the Sale (an "Assumed Contract" and collectively, the "Assumed Contracts") so as to permit the assumption and assignment under section 365 of the Bankruptcy Code of the Assumed Contracts, and (iv) the forms of the Sale Notice and Cure Notice attached to the Motion as Exhibit D and Exhibit E, respectively.

        B.      The Debtors have demonstrated good and sufficient reasons for, and the best interests of their estates and their creditors will be served by, this Court scheduling a Sale Hearing to consider granting the other relief requested in the Motion, including approval of the Sale and the transfer of the Assets to the Successful Bidder (as defined in the Bidding Procedures) free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code.

        C.      The Bid Protections as set forth in the APA required to be paid under the circumstances described therein to the Lead Bidder are (i) an actual and necessary cost of preserving the Debtors' estates within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Lead Bidder, (iii) reasonable and appropriate in light of the size and nature of the Sale and comparable transactions, the commitments that have been made, the condition of the Assets, and the efforts that have been and will be expended by the Lead Bidder, and (iv) a condition to and necessary to induce the Lead Bidder to continue to pursue the Sale and to continue to be bound by the APA.

D. Unless it is assured that the Bid Protections will be available, the Lead Bidder is unwilling to remain obligated to consummate the Sale or otherwise be bound under the APA (including the obligations to maintain its committed offer while such offer is subject to higher or otherwise better offers as contemplated by the Bidding Procedures).  The Bid Protections induced the Lead Bidder to submit a bid that will serve as a minimum or floor bid for the Assets on which the Debtors, their creditors and other bidders can rely, and which encourages and facilitates the Auction process.  The Lead Bidder has thus provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the Assets will be realized.  Accordingly, the Bid Protections are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

E. The Bidding Procedures are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Assets.

F. The process for submitting Qualified Bids is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the Debtors' estates and creditors.

G. The Sale Notice and Cure Notice (each as defined below) are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Bidding Procedures, the Sale, the Sale Hearing, and any and all objection deadlines related thereto, including with respect to cure amounts and the assumption and assignment of Executory Contracts and Unexpired Leases, and no other or further notice is required of the foregoing.

H. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Bidding Procedures Relief is granted, to the extent set forth herein.

2. All objections to the relief requested with respect to the Bidding Procedures that have not been withdrawal, waived or settled are otherwise overruled.

3. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are approved and shall govern all bids and bid proceedings relating to the Sale of the Assets.

4. The Debtors are authorized to proceed with the Sale in accordance with the Bidding Procedures and are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Sale Timeline | |
|---|---|
| Deadline to Serve Sale Notice and Cure Notice | March 15, 2019 |
| Cure Objection Deadline and Assignment Objection Deadline | March 29, 2019, at 4:00 p.m. (ET) |
| Letter of Intent Deadline (submission of a Letter of Intent is optional for Potential Bidders) | March 28, 2019, at 4:00 p.m. (ET) |
| Bid Deadline | April 8, 2019, at 4:00 p.m. (ET) |
| Sale Objection Deadline | April 9, 2019, at 4:00 p.m. (ET) |
| Deadline to Notify Qualified Bidders | April 9, 2019, at 4:00 p.m. (ET) |
| Auction (if required) | April 10, 2019, at 10:00 a.m. (ET) |
| Notice of Successful Bidder | April 11, 2019, at 4:00 p.m. (ET) |
| Sale Reply Deadline | April 12, 2019, at 12:00 p.m. (ET) |
| Sale Hearing | April 16, 2019, at 10:00 a.m. (ET) |

5. The Bid Protections, comprised of (i) a $180,000 Break-Up Fee and (ii) an Expense Reimbursement in an amount no greater than $150,000 (which Expense Reimbursement shall be supported by reasonable documentation), are approved and the Debtors are authorized to

01:23657216.16

pay amounts due in connection with the Bid Protections when and as set forth in the APA as administrative claims of the estate. Any amounts due in connection with the Bid Protections payable pursuant to the terms of the APA shall be payable without any further order of the Bankruptcy Court following the closing of a successful overbid.

6. The Debtors shall have the exclusive right, in consultation with the prepetition secured lender and postpetition secured lender and any statutorily appointed committee (if any) (together, the "Consultation Parties"), to determine whether a bid is a Qualified Bid and shall notify Potential Bidders, the Lead Bidder and the Notice Parties whether their bids have been recognized as such within one (1) Business Day after the Bid Deadline; provided, however, that if the prepetition secured lender or postpetition secured lender submits a bid for any Assets, it shall not be a Consultation Party under this Order or the Bidding Procedures; provider further, however, that the Lead Bidder is hereby deemed a Qualified Bidder, and the APA submitted to the Debtors by the Lead Bidder and appended to the Motion as Exhibit B, is deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale. The Lead Bidder shall not be required to take any further action in order to participate in the Auction (if any) or, if the Lead Bidder is the Successful Bidder, to be named the Successful Bidder at the Sale Hearing.

7. Any disputes as to the selection of a Qualified Bid shall be resolved by this Court.

8. The Debtors are authorized to conduct an Auction if they receive one or more Qualified Bids in addition to the APA. The Auction, if necessary, shall be held at 10:00 a.m. (prevailing Eastern Time) on April 10, 2019, at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, Delaware 19801, or such other location as shall be timely communicated to all Qualified Bidders. If no other Qualifying Bid is received, no

Auction shall be necessary and the Debtors are authorized to cancel the Auction, provided, that the Debtors shall file a notice of cancellation of the Auction.

9. The Debtors shall arrange for the bidding at the Auction to be transcribed by a court reporter. Each Qualified Bidder shall be required to confirm its bid on the record at the Auction and confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

10. Upon the conclusion of the Auction, the Debtors, in consultation with the Consultation Parties, shall review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including, but not limited to, the Assets such bidder is proposing to purchases and those factors affecting the speed and certainty of consummating the sale with respect to the Assets, and shall identify the Successful Bidder(s) and may identify one or more Back-Up Bidder(s). The Debtors shall file a notice of the Successful Bidder(s) and Back-up Bidder(s) (if any) on or before one (1) business day after the conclusion of the Auction. Each Qualified Bidder shall be required to keep its bid open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Eastern Time) on the date that is forty-five (45) days following entry of the Sale Order or (ii) the closing of the Sale with the Successful Bidder (the "<u>Outside Date</u>"). The Good Faith Deposit(s) of the Back-up Bidder shall be held by the Debtors until the earlier of two (2) business days after (i) the closing of the Sale with the Successful Bidder(s) or (ii) the Outside Date.

11. The Sale Hearing shall be held on April 16, 2019 at 10:00 a.m. (ET) before this Court, the U.S. Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, Court Room #2. Any objections to the Sale must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Bankruptcy

Rules and the Local Rules, and (d) be filed with this Court and served in accordance with the rules of the Court upon (i) the Debtors, 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339 (Attn. Donald Van der Wiel (dvanderwiel@beavex.com)), (ii) counsel to the Debtors: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn:  Joseph M. Barry, Esq. (jbarry@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com) and Donald J. Bowman, Jr., Esq. (dbowman@ycst.com)), (iii) counsel to the prepetition secured lenders and postpetition secured lenders, Winston Strawn, LLP, 200 Park Avenue, New York, NY 10166 (Attn. Carey D. Schreiber, Esq. (cschreiber@winston.com)) and Ashby & Geddes, P.A. (Attn. Gregory Taylor, Esq. (gtaylor@ashbygeddes.com)), (iv) counsel to the Lead Bidder:  Baker Botts L.L.P., 30 Rockefeller Plaza, New York, NY 10112 (Attn. Emanuel Grillo, Esq. (emanuel.grillo@bakerbotts.com)), (v) proposed co-counsel to the Official Committee of Unsecured Creditors: Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn. Bennett S. Silverberg, Esq. (bsilverberg@brownrudnick.com)) and Saul Ewing Arnstein & Lehr LLP, P.O. Box 1266, Wilmington, DE 19899-1266 (Attn. Mark Minuti, Esq. (mark.minuti@saul.com)),, and (vi) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Jaclyn Weissgerber (Jaclyn.weissgerber@usdoj.gov)), ((i)-(vi), collectively, the "Notice Parties"), so as to be received not later than 4:00 p.m. EST on April 9, 2019.

12. The following forms of notice are approved:  (i) Notice of Bid Procedures, Auction Date, and Sale Hearing, in the form substantially similar to that attached to the Motion as Exhibit D (the "Sale Notice") and (ii) the Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May Be Assumed and Assigned (the "Cure Notice"), in the form substantially similar to that attached to the Motion as Exhibit E.

13. On or before March 15, 2019, the Debtors shall serve a copy of the Sale Notice and this Order by first class mail, postage prepaid on (i) the Office of the United States Trustee for Region III, (ii) the Office of the United States Attorney for the District of Delaware, (iii) counsel to any statutory committee appointed in the Chapter 11 Cases, (iv) the Internal Revenue Service, (v) the Debtors' thirty (30) largest unsecured creditors or counsel to any statutorily appointed committee in theses chapter 11 cases, (vi) counsel to the prepetition secured lenders and postpetition secured lenders, (vii) counsel to the Lead Bidder, (viii) all persons known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Assets during the previous six months, (ix) all entities known by the Debtors that may have a lien, claim, encumbrance or other interest in the Assets (for which identifying information and addresses are available to the Debtors), (x) all non-Debtor counterparties to the Executory Contracts and Unexpired Leases, (xi) all of the Debtors' known creditors, (xii) any governmental unit known to the Debtors to have a claim in the Chapter 11 Cases, (xiii) the Office of the Attorney General in each state in which the Debtors operate, (xiv) the Office of the Delaware Secretary of State and (xv) all parties that have requested notice in the Chapter 11 Cases under Bankruptcy Rule 2002 (collectively, the "Sale Notice Parties").

14. On or before March 15, 2019, the Debtors shall serve the Cure Notice upon each counterparty to each Executory Contract and Unexpired Lease by first class mail (postage prepaid), facsimile, electronic transmission, hand delivery or overnight mail. The Cure Notice shall state the date, time and place of the Sale Hearing, whether or not such Executory Contract or Unexpired Lease is designated to be assumed and assigned to the Lead Bidder, as well as the date by which any objection to the assumption and assignment of such Executory Contract or Unexpired Lease to the Lead Bidder or an alternate Successful Bidder must be filed and served.

The Cure Notice will also identify the amounts, if any, that the Debtors believe are owed to each counterparty to an Executory Contract or Unexpired Lease in order to cure any and all defaults that exist under such contract or lease (the "Cure Amounts") pursuant to section 365 of the Bankruptcy Code. The Cure Notice does not constitute an admission that an Executory Contract or Unexpired Lease is in fact an executory contract or unexpired lease, and the Debtors' rights with respect to the Executory Contracts and Unexpired Leases are fully reserved.

15. If any counterparty to an Executory Contract or Unexpired Lease objects for any reason to the Cure Amounts set forth in the Cure Notice, such counterparty must file with the Court a written objection (a "Cure Amount Objection") and serve such Cure Amount Objection on the Notice Parties so as to be received by the Notice Parties by no later than March 29, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Cure Objection Deadline"). Each Cure Amount Objection must set forth with specificity each and every asserted default in any Executory Contract or Unexpired Lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtors in the Cure Notice. If a counterparty to an Executory Contract or Unexpired Lease does not file an objection to the Cure Notice by the Cure Objection Deadline, then the counterparty shall be deemed to consent to the assumption and assignment of its Executory Contract or Unexpired Lease, and the Debtors shall be authorized to assume and assign the Executory Contract or Unexpired Lease, subject to the occurrence of the Closing without further notice or order of the Court.

16. If at any time after the entry of this Order, the Debtors or any Qualified Bidder identify additional executory contracts or unexpired leases to be assumed and assigned as Assumed Contracts (whether before or after the closing of the sale), as applicable, the Debtors shall serve a supplemental Cure Notice (the "Supplemental Cure Notice") by facsimile,

electronic transmission, hand delivery or overnight mail on the applicable non-debtor counterparty and its counsel (if known) no later than fourteen (14) days before the proposed effective date of the assignment.  Each Supplemental Cure Notice shall (i) state the date, time and place of the Sale Hearing, (ii) state the date by which any objection to the assumption and assignment of such Assumed Contract must be filed and served (which deadline shall be no earlier than fourteen (14) days from the date of service of such Supplemental Cure Notice), and (iii) identify the Cure Amount.  The Supplemental Cure Notice does not constitute an admission that an Executory Contract or Unexpired Lease is in fact an executory contract or unexpired lease, and the Debtors' rights with respect to the Executory Contracts and Unexpired Leases are fully reserved.

17.     If any counterparty to an Executory Contract or Unexpired Lease objects for any reason to the Cure Amounts set forth in the Supplemental Cure Notice, such counterparty must file and serve a written objection (the "Supplemental Cure Amount Objection") on the Notice Parties so as to be received by the Notice Parties on or before fourteen (14) days after the date of service of the Supplemental Cure Notice (the "Supplemental Cure Objection Deadline").  Each Supplemental Cure Amount Objection must set forth with specificity each and every asserted default in any Executory Contract or Unexpired Lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtors in the Supplemental Cure Notice.  If a counterparty to an Executory Contract or Unexpired Lease does not file an objection to the Supplemental Cure Notice by the Supplemental Cure Objection Deadline, then the counterparty shall be deemed to consent to the assumption and assignment of its Executory Contract or Unexpired Lease, and the Debtors shall be authorized to assume and assign the Executory Contract or Unexpired Lease, subject to the occurrence of the Closing

without further notice or order of the Court.  For the avoidance of doubt, notwithstanding any provision of the APA or any Sale Order, no Executory Contract or Unexpired Lease that is identified on a Supplemental Cure Notice shall be assumed and assigned unless and until either (i) the counterparty to such Executory Contract or Unexpired Lease does not file an objection to such Supplemental Cure Notice within fourteen (14) days of service or (ii) such counterparty timely files an objection to the Supplemental Cure Notice and such objection is resolved by the Court or mutual agreement of the Debtors (following consultation with the Consultation Parties), the Successful Bidder and the objecting party.

18.     In the event that the Debtors and the counterparty cannot resolve the Cure Amount Objection or Supplemental Cure Amount Objection, disputed Cure Amounts ("Disputed Cure Amounts") shall not be paid until the resolution of any such disputes by the Court or mutual agreement of the Debtors (following consultation with the Consultation Parties), the Successful Bidder and the objecting party.  Cure Amount Objections and Supplemental Cure Amount Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.  Any counterparty to an Executory Contract or Unexpired Lease that fails to timely file and serve a Cure Amount Objection or Supplemental Cure Amount Objection shall be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts against the Debtors, their estates or the Successful Bidder other than that set forth in the Cure Notice or Supplemental Cure Notice.  If no timely Cure Amount Objection or Supplemental Cure Amount Objection is filed and served with respect to an Assumed Contract, the Cure Amount identified in the Cure Notice or Supplemental Cure Notice with respect to such Assumed Contract will be the only amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under such Assumed Contract if the Lead

Bidder (or other Successful Bidder) ultimately decides to have the applicable Assumed Contract assumed and assigned to it.

19. If an Executory Contract or Unexpired Lease is assumed and assigned pursuant to an order of this Court, then except for any such Assumed Contract that is subject to Disputed Cure Amounts, the Assumed Contract counterparty shall be paid the Cure Amount, if any, as set forth in the Cure Notice or Supplemental Cure Notice, as applicable, with payment to be made pursuant to the terms of the Successful Bidder's asset purchase agreement.

20. Upon a request by the Debtors, at any time (including prior to an Auction), (an "<u>Adequate Assurance Request</u>") any party designated as a Qualified Bidder shall provide the Debtors with any and all information requested by the Debtors, or otherwise reasonably related to the Qualified Bidder's adequate assurance of future performance under its Qualified Bid should such Qualified Bidder be designated a Successful Bidder, including, but not limited to, adequate assurance of future performance of Executory Contracts and Unexpired Leases proposed to be assumed and assigned to Qualified Bidder under such Qualified Bid (the "<u>Adequate Assurance Information</u>").  Qualified Bidders shall have until the earlier of (i) 48 hours from the time the Qualified Bidder receives an Adequate Assurance Request, and (ii) 24 hours after the close of the Auction to provide the Debtors with the Adequate Assurance Information.

21. Any request for adequate assurance information regarding the Lead Bidder (a "<u>Request for Adequate Assurance Regarding Lead Bidder</u>") must be served upon (i) counsel for the Lead Bidder, (ii) counsel to the Debtors and (iii) counsel to the prepetition secured lenders and postpetition secured lenders so as to be received on or before the Cure Objection Deadline. The Lead Bidder shall have two (2) business days after the Request for Adequate Assurance

Regarding Lead Bidder (the "Adequate Assurance Response Deadline") to provide the requesting party with any and all Adequate Assurance Information reasonably related to a Request for Adequate Assurance Regarding the Lead Bidder.

22. Any party deemed to be a Successful Bidder or Back-Up Bidder at the Auction shall timely, but in no event later than 24 hours following the close of the Auction, provide the Debtors with their Adequate Assurance Information to the extent not previously provided. Upon receipt thereof, or as reasonably promptly thereafter (but in no event later than 24 hours following their receipt thereof), the Debtors shall provide such Adequate Assurance Information to any party that made a Request for Adequate Assurance Regarding Lead Bidder (provided that the requesting party's Executory Contract or Unexpired Lease is subject to such Successful Bidder's or Back-Up Bidder's bid). Any other request for adequate assurance information regarding the Successful Bidder(s) or Back-Up Bidder(s) must be served upon (i) counsel to the Successful Bidder(s) or Back-Up Bidder(s), (ii) counsel to the Debtors and (iii) counsel to the prepetition secured lenders and postpetition secured lenders on or prior to April 12, 2019 at 4:00 p.m. (ET). The Debtors shall provide the requested Adequate Insurance Information to the requesting party on or before 24 hours following the receipt of such request. All adequate assurance objections related to the Successful Bidder(s) or Back-Up Bidder(s) must be filed and served upon (i) counsel to the Successful Bidder(s) or Back-Up Bidder(s), (ii) counsel to the Debtors and (iii) counsel to the prepetition secured lenders and postpetition secured lenders on or prior to 4:00 p.m. (ET) the day prior to the Sale Hearing, without prejudice to parties' rights to seek additional time to evaluate the Adequate Assurance Information.

23. If any counterparty to an Executory Contract or Unexpired Lease objects for any reason to the assumption and assignment of such Executory Contract or Unexpired Lease with

respect to the Lead Bidder (other than a Cure Amount Objection, an "Assignment Objection"), such counterparty must file and serve such Assignment Objection so as to be received by the Notice Parties by the later of either the Cure Objection Deadline or the Supplemental Cure Objection Deadline (as applicable) or (ii) the date set forth in any motion filed by the Debtors with the Bankruptcy Court to assume such Assumed Contract if such contract is to be assumed and assigned after the Sale Hearing); provided, however, if the Successful Bidder is not the Lead Bidder the Assignment Objection Deadline shall be one (1) day prior to the Sale Hearing.  The Court shall make any and all determinations concerning adequate assurance of future performance under the Assumed Contracts pursuant to sections 365(b) and (f)(2) of the Bankruptcy Code at the Sale Hearing.

24. Except to the extent otherwise provided in the Successful Bidder's asset purchase agreement, from and after the Closings, the Debtors and the Debtors' estates shall be relieved of any and all liability accruing or arising under the Assumed Contracts pursuant to section 365(k) of the Bankruptcy Code irrespective of where such liability arose or accrued.

25. Subject to the terms of the APA and the Bidding Procedures, the Debtors are authorized to take such actions as may be necessary or appropriate to implement and affect the terms and requirements of this Order, including, but not limited to, expending such funds or taking such action as may be necessary or appropriate to comply with the Bidding Procedures

26. Notwithstanding anything set forth herein or in the Bidding Procedures to the contrary, nothing in this Order or the Bidding Procedures shall prejudice or impair the rights, or, in any way be deemed a waiver of any rights, of the Committee to (a) request from the Debtors and the pre- and post-petition secured parties a reasonable extension of any deadline or rescheduling of any event scheduled herein or in the Bidding Procedures, or (b) seek such an

extension of any deadline or rescheduling of any event scheduled herein or in the Bidding Procedures from the Court, for cause, which request may be on shortened notice.

27. To the extent the provisions of this Order are expressly inconsistent with the provisions of any Exhibit referenced herein, including the Bidding Procedures, or with the Motion, the provisions of this Order shall control.

28. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

29. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

01:23657216.16     **Dated: March 14th, 2019**
                   **Wilmington, Delaware**

16    **LAURIE SELBER SILVERSTEIN**
      **UNITED STATES BANKRUPTCY JUDGE**