IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BEAVEX HOLDING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10316 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date:  July 17, 2019, at 2:00 p.m. ET**<br>**Objection Deadline:  July 10, 2019, at 4:00 p.m. ET** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) CONVERTING
THEIR CHAPTER 11 CASES TO CASES UNDER CHAPTER 7
AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion"), pursuant to section 1112(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Pursuant to Sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving and Authorizing the Settlement by and Among the Debtors, the Eos Parties, and the Official Committee of Unsecured Creditors* [Docket No. 300] (the "Settlement Order"), for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) converting each of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code and (ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997).  The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 1112(a) of the Bankruptcy Code, Bankruptcy Rule 1017(f), and Local Rule 2002-1.

**BACKGROUND**

3.      On February 18, 2019, each of the Debtors commenced a voluntary case under the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 1, 2019, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases.  No request has been made for the appointment of a trustee or examiner.

4.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Donald Van der Wiel in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "First Day Declaration").

01:24501838.4

**RELEVANT BACKGROUND**

5. On February 14, 2019, the Debtors entered into that certain asset purchase agreement by and between TForce Final Mile, LLC, TForce Final Mile West, LLC and TForce Logistics, LLC (collectively, "TFI"), as buyer, and BeavEx Inc., JNJW Enterprises, Inc., and USXP, LLC, as sellers, dated February 14, 2019 (the "TFI APA") for the sale of substantially all of their assets. The TFI APA, among other things, provided for a cash purchase price of approximately $7.2 million, plus the assumption of certain liabilities.

6. On the Petition Date, the Debtors filed a motion [Docket No. 13] for entry of orders, among other things, (i) approving certain bidding and auction procedures for the sale of all or substantially all of the Debtors' assets (or any combination of subset(s) thereof) and (ii) authorizing the sale of certain of the Debtors' assets to TFI or another successful bidder. On March 14, 2019, the Court entered a bid procedures order [Docket No. 151] that, among other things, approved certain bidding and auction procedures and scheduled a final hearing regarding the proposed sale for April 16, 2019 at 10:00 a.m. (ET) (the "Sale Hearing"). On April 16, 2019, at the conclusion of the Sale Hearing, the Court entered (i) an order authorizing the sale (the "TFI Sale") of certain of the Debtors' assets to TFI [Docket No. 241] (the "TFI Sale Order") and (ii) an order authorizing the sale (the "Tiger Sale" together with the TFI Sale, the "Sales") of certain of the Debtors' accounts receivable to Tiger Capital Group, LLC [Docket No. 242] (the "Tiger Sale Order" together with the TFI Sale Order, the "Sale Orders"). The TFI Sale and the Tiger Sale closed on April 27, 2019 and April 29, 2019, respectively.

7. During the sale process, the Committee raised numerous informal objections to the Sales and a potential Challenge to Prepetition Lien and Claim Matters in connection with the

prepetition secured lenders.[2]  As a result of discussions between the Debtors, the Committee and the DIP Lender (as defined in the Final DIP Order), the parties reached a global settlement agreement (the "Settlement Agreement") that, among other things, resolved the Committee's informal objections to the Sales and a potential Challenge and provided for the conversion of the Chapter 11 Cases to cases under chapter 7 at the conclusion of the wind-down of the Debtors' business operations and the liquidation of the remaining collateral with the consent of the EOS Parties (as defined in the Settlement Agreement) and in accordance with an approved wind-down budget (the "Wind-Down Budget").  Pursuant to the terms of the Settlement Agreement, the Debtors shall ensure their operating account is funded with $500,000 of remaining collateral upon conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, which funds the EOS Parties have agreed shall be left behind in the estates and made available to the chapter 7 trustee for the administration of the converted estates.  On April 24, 2019, the Debtors filed a motion [Docket No. 250], seeking entry of an order approving the Settlement Agreement.  On May 15, 2019, the Court entered the Settlement Order [Docket No. 300].

8. The Settlement Agreement and Settlement Order provided for, among other things, (i) the wind-down of the administration of the estates by the Debtors, in their sole discretion, (ii) the liquidation of the remaining collateral with the consent of the EOS Parties and in accordance with the Wind-Down Budget, and thereafter, (iii) in the Debtors' discretion, the conversion of the Chapter 11 Cases to cases under chapter 7.  The Wind-Down Budget provided for funding of certain administrative expenses of the Chapter 11 Cases through July 2019

---

[2] The terms "Challenge" and "Prepetition Lien and Claim Matters" shall have the meaning ascribed to them in the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507, Bankruptcy Rules 2002, 4001, 6004 and 9014 and Local Bankruptcy Rule 4001-2 (i) Authorizing the Debtors to Obtain Postpetition Senior Secured Superpriority Financing, (ii) Authorizing the Debtors' Limited Use of Cash Collateral, (iii) Granting Adequate Protection to the Prepetition Secured Parties, and (iv) Granting Related Relief* [Docket No. 143] (the "Final DIP Order").

01:24501838.4

4

including, among other things, the payment of fees pursuant to 28 U.S.C. § 1930 and budgeted-for fees and expenses of professionals retained in the Chapter 11 Cases. Consistent with the Settlement Order, the Debtors have substantially completed the wind-down of the administration of their estates and have liquidated much of the remaining collateral with the consent of the EOS Parties. Accordingly, the Debtors submit that converting the Chapter 11 Cases to cases under chapter 7 at this time is warranted and will be in accordance with the terms of the Settlement Agreement and Settlement Order. The EOS Parties and the Committee have consented to the relief requested herein.

## RELIEF REQUESTED

9. By this Motion, the Debtors request entry of the Proposed Order, pursuant to section 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), (i) converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code and (ii) granting related relief.

## BASIS FOR RELIEF

10. Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to chapter 7 as a matter of right. *See* H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case"); S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same); *see also Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) (noting that "a debtor has the absolute right to convert [its] Chapter 11 case to a Chapter 7 case"). There are only three circumstances where a debtor is precluded from exercising that right: (i) the debtor is not a debtor in possession; (ii) the case was originally commenced as an involuntary case under chapter 11; or (iii) the case was converted to a case under chapter 11 other than at the debtor's request. 11 U.S.C. § 1112(a).

None of those exceptions is applicable in these cases. Therefore, the Debtors are entitled, as an absolute right, to convert the Chapter 11 Cases to cases under chapter 7.

11. The conversion of the Chapter 11 Cases to cases under chapter 7 is in accordance with the terms of the Settlement Agreement and Settlement Order. Moreover, the Debtors no longer have adequate funding to administer the Chapter 11 Cases, and therefore, respectfully submit that conversion is in the best interests of the Debtors' estates and creditors. Although there may be nominal estate assets which may be available to satisfy certain creditor claims, without an ability to fund ongoing administrative expenses, the Debtors have no ability to pursue the recovery of those assets or prosecute a chapter 11 plan. Accordingly, the Debtors believe there is no reasonable likelihood that the Debtors could confirm and consummate a chapter 11 plan and respectfully submit that a chapter 7 trustee will be able to more efficiently and effectively bring these cases to their conclusion.

## NOTICE

12. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the EOS Parties; (iii) counsel to the Committee; and (iv) all parties who have filed a notice of appearance and requested service of pleadings pursuant to Bankruptcy Rule 2002. Notice of this Motion will also be given to all creditors. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that, the Court enter the Proposed Order (i) converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code and (ii) granting such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: | Wilmington, Delaware<br>June 26, 2019 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jordan E. Sazant*<br>Joseph M. Barry (No. 4221)<br>Matthew B. Lunn (No. 4119)<br>Donald J. Bowman, Jr. (No. 4383)<br>Jordan E. Sazant (No. 6515)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:   (302) 571-6600<br>Facsimile:    (302) 571-1253<br><br>*Counsel for the Debtors and Debtors in Possession* |