# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BEAVEX HOLDING CORPORATION, *et al.*,[1] | Case No. 19-10316 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No.: 355** |

### ORDER (I) CONVERTING THEIR CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to section 1112(a) of the Bankruptcy Code, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code and granting related relief; and upon consideration of the Certification; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these chapter 11 cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having determined that the relief requested in the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Effective as of the date hereof, the Chapter 11 cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3. The Debtors shall:

    (a) within seven (7) days of entry of this Order, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4);

    (b) within fourteen (14) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the conversion date, which schedule shall include the name and address of each creditor holding any such debt; and

    (c) within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee.

4. In accordance with the Settlement Order, effective upon entry of this Order, the Debtors shall ensure that $500,000 of remaining collateral from the Debtors' assets is left behind in the Debtors' operating account upon conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, which funds shall be available to the chapter 7 trustee appointed to administer the Debtors' chapter 7 estates.

5. Effective upon entry of this Order, the Debtors' retention of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as counsel shall be terminated, *provided*, *however* that Young Conaway shall be authorized and empowered to effectuate a conversion of the applicable Debtors and their Chapter 11 Cases to cases under chapter 7.

01:24501838.4

6. Notwithstanding anything to the contrary herein, nothing in this Order or the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Final DIP Order, the Sale Orders, the TFI APA, the Settlement Agreement, the Settlement Order and all related documents, or the rights and remedies of the parties to the TFI APA, which rights and remedies shall be preserved in their entirety.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

01:24501838.4    **Dated: July 23rd, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**