# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| BEAVEX HOLDING CORPORATION, *et al.*,[1] | : | Case No. 19-10316(LSS) |
| | | (Jointly Administered) |
| | : | |
| Debtors. | : | **Objection Deadline: August 15, 2019 at 4:00 p.m. (ET)** |
| | : | **Hearing Date: August 22, 2019 at 11:00 a.m. (ET)** |

------------------------------------------------------------x

## MOTION OF KULWANT KALER, GURJIT SINGH, SARVRAJ SINGH, A MINOR THORUGH KULWAT KAUR, GUARDIAN AD LITEM, NAVIT KAUR, A MINOR THROUGH KULWANT KAUR, GUARDIAN AD LITEM, AND HARTEGVEER SINGH, A MINOR THROUGH KULWANT KAUR, GUARDIAN AD LITEM, INDIVIDUALLY AND AS SUCCESSORS-IN-INTEREST TO JASVIR KAUR, DECEDANT FOR RELIEF FROM THE AUTOMATIC STAY

Kulwant Kaler, Gurjit Singh, Sarvraj Singh, a minor through Kulwat Kaur, Guardian Ad Litem, Navit Kaur, a minor through Kulwant Kaur, Guardian Ad Litem, and Hartegveer Singh, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to Jasvir Kaur, decedent (collectively, "Movants") by and through their undersigned counsel, hereby moves (the "Motion") this Court pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order granting Movants relief from the automatic stay to continue state court litigation with respect to certain non-debtor individual defendants and to pursue available insurance proceeds of the above-captioned debtors and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers is as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339

debtors-in-possession (collectively, the "Debtors"). In support of this Motion, Movants respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in this Motion are Sections 105(a) and 362 of the Bankruptcy Code.

## BACKGROUND

3. On March 8, 2018, Movants commenced litigation against debtor JNJW Enterprises, Inc ("JNJW"), Kaohay Eng a.k.a Eng Kaohay, Manuel Salvador Maravilla, Jaswinder Kaur, Sukhwinder Kaur, and Does 1-60 in the Superior Court of California, County of Fresno (the "State Court Litigation"). On June 13, 2018, Movants filed an Amendment to Complaint amending the fictitious name of defendant Doe 21 to the true name of debtor BeavEx Incorporated (the "BeavEx Inc."). A true and correct copy of the Complaint and Amendment to Complaint is attached hereto as **Exhibit A** (as amended, the "Complaint").

4. The Complaint alleges that decedent Jasvir Kaur was the victim of an automobile versus pedestrian collision on August 26, 2016, which ultimately resulted in her death on September 13, 2016. The vehicle was operated by Manuel Maravilla, was owned by Kaohay Eng, and was employed for delivery services by debtors JNJW and BeavEx Inc. (collectively, the "Debtor Defendants").

5. The Complaint alleges that the defendants are liable for negligence and wrongful death, i.e., personal injury and wrongful death tort claims which this Court is prohibited from liquidating under 28 U.S.C. § 157(b)(2)(B), (O), and § 157(b)(3).

6. On July 31, 2018, the defendants answered the Complaint, and the parties have been engaged in discovery and third-party subpoena practice until the filing of the Chapter 11 Cases. A true and correct copy of the defendants' Answer is attached hereto as **Exhibit B**.

7. During the State Court Litigation, the Debtor Defendants disclosed the existence of three insurance policies under which they are named insureds. The insurance policies include: (i) a courier cargo insurance policy underwritten by Certain Underwriters at Lloyd's London; (ii) automobile liability insurance underwritten by AAA Insurance Exchange; and (iii) excess liability coverage underwritten by Starr Surplus Lines Insurance Company (collectively, the "Insurance Policies").

8. On February 18, 2019, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court (the "Chapter 11 Cases"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2019, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in the Debtors' bankruptcy cases.

9. On June 26, 2019, the Debtors filed a *Motion for Entry of an Order (I) Converting Their Chapter Cases to Cases Under Chapter 7 and (II) Granting Related Relief* [D.I. 355] (the "Conversion Motion"). On July 23, 2019, the Court entered an Order granting the Conversation Motion, and George L. Miller was appointed as the interim Chapter 7 trustee (the "Chapter 7 Trustee"). *See* D.I. 398, 299.

10. On March 1, 2019, counsel for the defendants, on behalf of the Debtor Defendants, filed a *Suggestion of Bankruptcy* in the State Court Litigation to advise the Superior Court of California (the "State Court") that the Debtor Defendants had commenced the Chapter

3

11 Cases and, as a result, an injunction was now in effect, pursuant to section 362 of the Bankruptcy Code, to stay the State Court Litigation and enjoin the Movants from continuing to pursue their claims as against the Debtor Defendants in the State Court. A true and correct copy of the Suggestion of Bankruptcy is attached hereto as **Exhibit C**. Since that time, however, the State Court Litigation has been stayed in its entirety, both as to the Debtor Defendants, as well as to the non-debtor defendants.

## RELIEF REQUESTED

11. By this Motion, Movants seek the entry of an order from this Court granting them relief from the automatic stay to (i) allow the State Court Litigation to continue; and (ii) allow Movants' to liquidate their claims as against the Debtor Defendants in the State Court Litigation but solely to the extent of any recovery against the available proceeds of the Debtors' Insurance Policies.

## BASIS FOR RELIEF REQUESTED

12. Section 362(d) of the Bankruptcy Code provides, in relevant part:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

    (1) for cause, including lack of adequate protection of an interest in property;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if –
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d).

**I. Cause Exists to Grant Movants Relief from the Automatic Stay Under Section 362(d)(1) of the Bankruptcy Code.**

13. "Cause" is an intentionally flexible concept requiring the Court to examine the totality of the circumstances to determine whether sufficient cause exists to lift the stay. *In re*

4

*Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004); *In re Merchant*, 256 B.R. 572, 576 (Bankr. W.D. Pa. 2000); *In re SCO Grp., Inc.*, Case No. 07-11337 (KG), 2007 WL 4224407 (Bankr. D. Del. Nov. 27, 2007). "The legislative history indicates that cause may be established by a single factor such as 'a desire to permit an action to proceed in another tribunal….'" *Izzarelli v. Rexene Products Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (quoting H.R. Rep. no. 95-595, 95th Cong., 1st Sess., 343-344 (1977)). *See also In re Drexel Burnham Lambert Group, Inc.*, 113 Bankr. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) (citing various findings of § 362(d)(1) "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claim).

14. Indeed, the legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. *In re Rexene Prods. Co.*, 141 B.R. at 576. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Id.* (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977)).

15. When a party seeks relief from the stay to continue with prepetition litigation, this Court generally applies a three-prong balancing test:

    (i)    Whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit;

    (ii)    Whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and

    (iii)    Whether the creditor has a probability of prevailing on the merits.

*In re Scarborough St. James Corp.*, 535 B.R. 60, 67 (Bankr. D. Del. 2015) (citing *In re Rexene Prods. Co.*, 141 B.R. at 576). "[I]n making its determination, this Court also considers the general policies underlying the automatic stay." *Id.* at 68.

16. Here, ample cause exists to grant Movants relief from the automatic stay to continue litigating the State Court Action.

**A. Allowing the State Court Litigation to Continue Will Not Prejudice the Debtors or their Bankruptcy Estates as Movants' Recovery is Limited to the Insurance Policies.**

17. The State Court Litigation commenced on March 8, 2018. Since that time, the Movants and the State Court Litigation defendants have been engaged in discovery and third-party subpoena practice until the Debtors commenced the Chapter 11 Cases almost a year later on February 18, 2019.

18. With the filing of the Suggestion of Bankruptcy with the State Court on March 1, 2019, however, the State Court Litigation has been stayed and the Movants' have so far been unable to continue pursuing their legal or equitable rights relating to the serious injury and death of Ms. Kaur.

19. Liquidation of Movants' claims against the Debtor Defendants will require the expenditure of judicial resources irrespective of venue. The State Court -- having overseen the State Court Litigation since its inception on March 8, 2018 – is the most efficient venue for liquidating the Movants' claims.

20. The Debtors will not experience any prejudice if the automatic stay is modified to allow the continuance of the State Court Litigation. The Movants and the Debtor Defendants are already both represented by counsel located in California. The State Court has significant familiarity with the parties and facts of the State Court Litigation and has a strong interest in having personal injury and wrongful death claims heard by a California court when one of its citizens has been seriously injured and killed through negligent acts undertaken in the State of California. Finally, the Debtors are able to raise all defenses and arguments they may have in the

State Court Litigation. The burden on the Debtors by granting relief from the automatic stay, therefore, is very slight.

21. Indeed, if the Motion is granted, there would be little to no impact on the administration of the Debtors' Chapter 11 Cases, as the Debtors have yet to resort to this Court for any assistance with the State Court Litigation even though the case has been pending for five months. *See In re Scarborough St. James Corp.*, 535 B.R. 60, 68 (Bankr. D. Del. 2015) (holding that state court litigation would in no way impact the administration of the estate because in the five months since the bankruptcy case was commenced the Debtor has not sought assistance from the court in administering state court litigation.)

22. Finally, the prejudice to the Debtors is even more slight, if any, because the Movants are only seeking to liquidate their claims against the Debtors in the State Court Litigation, and any recovery will be limited to the available proceeds under the Debtors' Insurance Policies. Thus, granting Movants relief from the automatic stay will avoid wasting this Court's valuable resources and, for that matter, those of the United States District Court for the District of Delaware (the "District Court") as well, as this Court cannot liquidate personal injury tort and wrongful death claims in the first instance. *See* 28 U.S.C. §§ 157(b)(2)(B), (O), and § 157(b)(3) (prohibiting a bankruptcy court from liquidating personal injury and wrongful death claims).

**B.    The Maintenance of the Automatic Stay is a Significant Hardship on the Movants.**

23. The burden on the Movants in maintaining the automatic stay is significant and the equities fall in favor of the Movants to grant them relief from the automatic stay. First, the Movants' claims will require liquidation in order to fully administer the Debtors' estates in these Chapter 11 Cases. Maintaining the stay would impose significant logistical and geographic

7

burdens on the Movants if forced to litigate in Delaware, especially where all of the attorneys, witnesses, experts, documents, criminal case files, and parties are located in California. Indeed, In addition, all of the Movants' necessary witnesses – the medical doctors and nurses that provided emergency and critical care, the police investigating the incident, and the nursing home staff -- are all located in the county in the State Court where the incident took place. The added burden and expense in transferring this litigation to Delaware is wholly unnecessary.

24. Furthermore, the decedent's husband, Kulwant Kaler, currently is seventy-one years old. Mr. Kaler's participation in this personal injury and wrongful death action concerning his late wife is of prime importance to Mr. Kaler. However, his advanced age and related medical conditions will present a significant burden to his participation if the State Court Litigation claims were to proceed in the Debtors' Chapter 11 Cases in Delaware instead of his home in California.

25. One of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources. *In re Rexene Products Co.*, 141 B.R. at 577 (quoting *Peterson v. Cundy (In re Peterson)*, 116 B.R. 247, 250 (D. Colo. 1990)). Granting relief from the automatic stay will allow the parties to continue to litigate the matter before the State Court, which indisputably has jurisdiction over all defendants and has a lengthy institutional and substantive history with the State Court Litigation. *See In re Rexene Products Co.*, 141 B.R. at 577 (quoting *Murray Indus., Inc. V. Aristech Chem. Corp. (In re Murray Indus., Inc.)*, 121 B.R. 635, 637 (Bankr. M.D. Fla 1990)) ("This Court is of the opinion that to begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources.")

26. Finally, as described above, not allowing the State Court Litigation to continue in California involves use of more judicial resources than is necessary. As the claims are personal injury and wrongful death claims, litigating them in Delaware will result in the unnecessary devotion of the resources of both this Court and the District Court, as only a district court may liquidate these claims. The equities favor the Movants and the burden on the Debtors is slight, if any.

      C.      **The Movants Have A Probability of Success on the Merits of the State Court Litigation Commenced as a Result of the Vehicle Versus Pedestrian Collision and Resulting Death of Ms. Kaur.**

27. The third prong of the balancing test examines the Movants' probability of success on the merits. "The required showing is very slight." *In re Rexene Products Co.*, 141 B.R. at 578; *accord In re Scarborough St. James Corp.*, 535 B.R. 60, 69 (Bankr. D. Del. 2015) (quoting *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (Bankr. D. Del. 1993)) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). Indeed, "[o]nly strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where, as here, we believe that the decision-making process should be relegated to bodies other than this court." *In re Rexene Products Co.*, 141 B.R. at 577 (quoting *Fonseca v. Philadelphia Housing Authority (In re Fonseca)* 110 B.R. 191, 196 (Bankr. E.D. Pa 1990)).

28. This slight probability of success on the merits is satisfied here. First, in addition to the civil liability sought in the State Court Litigation, Mr. Maravilla, one of the defendants, has been charged with criminal vehicular manslaughter in connection with the incident that seriously injured and killed Ms. Kaur. Second, Mr. Maravilla has repeatedly invoked his Fifth Amendment right against self-incrimination in response to discovery propounded by the Movants. As Mr. Maravilla was the operator of the vehicle at the time of the incident, an

9

adverse inference drawn from his refusals to answer, coupled with his criminal liability, significantly increases the probability that the Movants will prevail on the merits of the State Court Litigation. Accordingly, the Movants can easily meet this third prong and the equities favor granting Movants' relief from the automatic stay.

## NO PRIOR REQUEST

29. Movants submit that no prior motion for the relief requested herein has been made to this or any other Court.

## NOTICE

30. Pursuant to Local Rule 4001-1(a), notice of this Motion will be provided to: (i) counsel to the Debtors; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Debtor-in-Possession financing lenders; (iv) the Chapter 7 Trustee, and (v) the office of the United States Trustee for the District of Delaware. In light of the relief requested, Movants submit that no further notice is required.

**WHEREFORE,** Movants respectfully request that this Court enter an order granting Movants relief from the automatic stay to (i) allow the State Court Litigation to continue; (ii) allow that State Court Litigation to continue against the Debtors in order to liquidate their claims as against the Debtor Defendants but solely with respect to pursuing any recovery from the available proceeds under the Debtors' Insurance Policies; and (iii) further relief as is just and proper under the circumstances.

Dated: July 23, 2019
Wilmington, Delaware

Respectfully submitted,

*/s/ Leslie C. Heilman*
Leslie C. Heilman, Esquire (DE No. 4716)
Matthew G. Summers (DE No. 5533)
Chantelle D. McClamb, Esquire (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
      summersm@ballardspahr.com
      mcclambc@ballardspahr.com

    and

Adam C. Ballinger, Esquire
BALLARD SPAHR LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: (612) 371-6203
Facsimile: (612) 371-3207
E-mail: ballingera@ballardspahr.com

*Counsel to Kulwant Kaler, Gurjit Singh, Sarvraj Singh, a minor through Kulwat Kaur, Guardian Ad Litem, Navit Kaur, a minor through Kulwant Kaur, Guardian Ad Litem, and Hartegveer Singh, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to Jasvir Kaur, decedent*