**EXHIBIT A**

MOHINDER S. MANN (State Bar No. 103165)
THE MANN LAW FIRM
1027 W. Taylor Street
San Jose, CA 95126
Telephone: 408 287-1600
Facsimile: 408 287-1639

Attorneys for Plaintiffs

E-FILED
3/8/2018 11:30 AM
FRESNO COUNTY SUPERIOR COURT
By: L Peterson, Deputy

# IN AND FOR THE SUPERIOR COURT OF CALIFORNIA
# IN AND FOR THE COUNTY OF FRESNO
## UNLIMITED JURISDICTION

| | |
|---|---|
| KULWANT KALER; GURJIT SINGH; SARVRAJ SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; NAVJIT KAUR, a minor through Kulwant Kaur, Guardian Ad Litem; and HARTEGVEER SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to JASVIR KAUR, decedent;<br><br>Plaintiffs,<br><br>vs.<br><br>JNJW ENTERPRISES, INC., a California Corporation; KAOHAY ENG a.k.a ENG KAOHAY, an individual; MANUEL SALVADOR MARAVILLA, an individual; JASWINDER KAUR; SUKHWINDER KAUR and DOES 1-60,<br><br>Defendants. | Case No.: 18CECG00833<br><br>**COMPLAINT FOR DAMAGES** (Negligence – Survivor Action / Wrongful Death)<br><br>**Unlimited Jurisdiction** |

COMES NOW Plaintiffs KULWANT KALER, individually and as Successor-in-Interest to JASVIR KAUR, decedent; GURJIT SINGH; SARVRAJ SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; NAVJIT KAUR, a minor through Kulwant Kaur, Guardian Ad Litem; and HARTEGVEER SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; individually, herein allege against Defendants JNJW ENTERPRISES, INC., a California Corporation; KAOHAY ENG a.k.a ENG KAOHAY, an individual; MANUEL SALVADOR

MARAVILLA, an individual, and DOES 1-60, and each of them, as follows:

## PARTIES AND JURISDICTION

1. Decedent JASVIR KAUR (hereinafter "DECEDENT") was an individual an adult of at least 18 years of age residing in Fresno County, in the State of California. DECEDENT was the victim of an automobile versus pedestrian collision on August 26, 2016, which ultimately resulted in her death on September 13, 2016;

2. Plaintiff KULWANT SINGH KALER is, and at all times mentioned herein was, an adult of at least 18 years of age residing in Fresno County, in the State of California, and is the surviving spouse of the DECEDENT.

3. Plaintiff GURJIT SINGH is, and at all times mentioned herein was, an adult of at least 18 years of age residing in Fresno County, in the State of California, and is the surviving son of the DECEDENT.

4. Plaintiffs SARVRAJ SINGH; NAVJIT KAUR; and HARTEGVEER SINGH; minors through Kulwant Kaur, Guardian Ad Litem are, and at all times mentioned herein were, dependent minors residing with DECEDENT in Fresno County, in the State of California, for more than six months prior to DECEDENT's death, and are the surviving grandchildren of DECEDENT;

5. Plaintiff KULWANT KALER; constitutes a Successor-in-Interest to the DECEDENT, pursuant to CCP § 377.60 and has duly executed the Declaration of Successors in Interest pursuant to CCP §377.32. Plaintiff resides in the County of Fresno, State of California;

6. Defendant JNJW ENTERPRISES, INC. (hereinafter "JNJW") is and at all relevant times was, a California Corporation under Corporate Number C2008240 with its principal place of business in the State of California in the County of Ventura at 1200 Lawrence Drive, Suite 200, Newbury Park, CA. 91320. Defendant JNJW may be served with process in this action via its registered agent CSC – Lawyers Incorporating Service.

7. Defendant KAOHAY ENG a.k.a ENG KAOHAY (hereinafter "ENG") is, and at all relevant times was, an individual residing in the County of Fresno, State of California.

8. Defendant MANUEL SALVADOR MARAVILLA (hereinafter "MARAVILLA") is, and at all relevant times was, an individual residing in the County of

Fresno, State of California.

9. Defendant JASWINDER KAUR is the natural daughter and wrongful death beneficiary of Decedent. JASWINDER KAUR is a resident of Punjab, India. JASWINDER KAUR is hereby sued nominally as a necessary party under *Code of Civil Procedure* section 377.60.

10. Defendant SUKHWINDER KAUR is the natural daughter and wrongful death beneficiary of Decedent. SUKHWINDER KAUR is a resident of Fresno County. SUKHWINDER KAUR is hereby sued nominally as a necessary party under *Code of Civil Procedure* section 377.60.

11. The true names and/or capacities of defendants designated herein as DOES 1-60 are either individual, corporate, associate or otherwise, and currently unknown to plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of said Defendants designated herein as a DOE is in some manner legally responsible for the events and occurrences herein alleged and at least one of such fictitiously named DOE Defendants is a resident of California. Therefore, each is responsible in some manner for the matters alleged herein, and is jointly and severally liable to the Plaintiffs. Plaintiffs will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named DOE Defendants when ascertained.

12. On information and belief, at all times herein mentioned, each named Defendants and each DOE Defendants was an agent, servant, principals, employee, employer, director, manager, supervisor, partner, joint venturer, franchisee, aider and abetter, co-conspirator, and engaged in a common or common enterprises, with each of the remaining Defendants herein, and was at all relevant times acting within the course and scope of said agency, service, employment, partnership, joint venture, franchise, unlawful enterprise, conspiracy, knowledge authority, permission and consent of the other Defendants during their conduct as herein alleged. Each Defendant is jointly and severally liable to the Plaintiffs based on the wrongful conduct alleged herein.

13. Defendants JNJW, ENG, MARAVILLA and DOES 1-50 are hereinafter referred to as "Defendants."

14. This Court has personal jurisdiction over all the Defendants. Defendants are, and were at all relevant times, residents of and/or authorized to conduct business in the State of California and Defendants conducted such business within the State including the performance of acts that caused or contributed to the harm giving rise to this action.

15. Venue is proper in this Court pursuant to California Code of Civil Procedure section 395.5, the incident giving rise to this action occurred in the County of Fresno, State of California and the Defendants reside and/or do business in the County of Fresno, State of California.

16. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

17. Defendant ENG and DOES ONE through TEN is and was the registered owner of a 2002 Ford Van, bearing California license plate number 7A56467 (hereinafter, the "Subject Truck") at the time of the incident giving rise to this action. Defendant ENG is licensed by the US Department of Transportation Carrier Number 2626326.

18. Located at 14061 W Whitesbridge Avenue, Kerman, CA 93630, is a WalMart Supercenter store. Located to the east of the Walmart store building, and south of W Whitebridge Avenue, is an exit from the parking lot leading onto Goldenrod Avenue (hereinafter the "Collision Area"). Goldenrod Avenue is a public roadway in the City of Kerman, California;

19. On August 25, 2016, at approximately 8:45 a.m., Defendant MARAVILLA and DOES ELEVEN through TWENTY, in the course and scope of his employment with, and/or otherwise on behalf of Defendants JNJW, ENG and DOES TWENTY-ONE through FIFTY, was operating the Subject Truck. Plaintiffs are informed and believe and thereon allege that the Subject Truck were, at said time, leased, rented or otherwise utilized for the benefit of Defendants JNJW, ENG and DOES TWENTY-ONE through FIFTY, and that the Subject Truck was operated by Defendant MARAVILLA and DOES ELEVEN through TWENTY with the consent and permission of the other Defendants;

20. Plaintiffs are informed and believe, and thereon allege, that for purposes of this

subject trip for which Defendant ENG and MARAVILLA were employed and/or retained, JNJW and DOES TWENTY-ONE through FIFTY had arranged, requested and/or directed for the delivery to the Walmart Supercenter.

21. Plaintiffs are informed and believe, and thereon allege, that the Subject Truck was/were owned and/or controlled by Defendants JNJW, ENG and DOES TWENTY-ONE through FIFTY

22. Plaintiffs are informed and believe, and thereon allege the following: that at said time and place, the Subject Truck had indicia of malfunction or poor maintenance, particularly with the transmission, braking, gearing and/or other component, and as such Defendant MARAVILLA and DOES ELEVEN through TWENTY was forced to operate the Subject Truck in an unsafe and hazardous manner on public roadways. Plaintiffs are further informed and believe, and thereon allege, that the Subject Truck's malfunctions and/or poor maintenance resulted in a loss of control of the vehicle resulting in the DECEDENT's injuries and death.

23. Plaintiffs are informed and believe and thereon allege the following: that Defendants JNJW, ENG and DOES TWENTY-ONE through FIFTY had notice, been informed and/or were aware of the Subject Truck's malfunctions and/or poor maintenance, and had instructed Defendant MARAVILLA and DOES ELEVEN through TWENTY to continue to drive the Subject Truck despite the dangers involved;

24. Plaintiffs are informed and believe, and thereon allege the following: that at said time and place, Defendant MARAVILLA and DOES ELEVEN through TWENTY, operating the Subject Truck, was approaching the Collision Area and exiting the parking lot of the aforementioned Walmart Superstore. Defendant MARAVILLA and DOES ELEVEN through TWENTY exited the parking lot towards Goldenrod Avenue and crashed his van into DECEDENT, who was walking on the paved sidewalk along Goldenrod Avenue. DECEDENT suffered severe injuries and was transported to the hospital. DECEDENT survived her injuries for nearly three weeks, but ultimately died on September 13, 2016 as a result of injuries sustained in the collision.

## FIRST CAUSE OF ACTION

## Negligence – Survivor Action

As and For a First Cause of Action, Plaintiffs KULWANT KALER, as a Successor-in-Interest to JASVIR KAUR, decedent, herein alleges against Defendants JNJW ENTERPRISES, INC., a California Corporation; KAOHAY ENG a.k.a ENG KAOHAY, an individual; MANUEL SALVADOR MARAVILLA, an individual, and DOES 1-50, and each of them, as follows:

25. Plaintiff KULWANT KALER reaffirms and realleges each and every allegation set forth in Paragraphs 1-22 as though fully set forth herein and further alleges the following:

26. Defendants JNJW, ENG and MARAVILLA and DOES ONE through FIFTY owed a duty to entrust, manage, inspect, service, maintain, lease, own, drive and operate said Subject Truck, and all component parts, with due care on the public roads and highways so as to avoid causing injury to others utilizing said roads and highways, including DECEDENT;

27. Defendants JNJW, ENG, DOES ONE through TEN and DOES TWENTY-ONE through FIFTY owed a further duty to train, supervise, dispatch, and instruct drivers of such vehicles on its behalf with respect to proper techniques in, inter alia, inspecting, assessing apparent malfunctions, poor maintenance and mechanical problems, reporting of apparent malfunctions, poor maintenance and mechanical problems, obeying all traffic laws, and executing care for other motorists and pedestrians;

28. Pursuant to, inter alia, California Code of Regulations Section 1232 [promulgated pursuant to Vehicle Code Section 34501(a)(1)], motor carriers owe a duty to ensure that all vehicles and accessories subject to their control are regularly and systematically inspected, maintained, and lubricated to ensure they are in safe and proper operation condition. Pursuant to Vehicle Code Section 34505.5(a), every motor carrier shall require vehicles for which it is responsible be inspection at least every 90 days, or more often if necessary to ensure safe operation.

29. Defendants JNJW, ENG and MARAVILLA and DOES ONE through FIFTY owed a nondelegable duty to maintain their vehicles in good working condition and to comply with California law, and/or owed a duty of care to other persons using the roadway to maintain, inspect, service, repair and/or entrust said vehicles with due care.

30. Defendants JNJW, ENG, DOES ONE through TEN and DOES TWENTY-ONE through FIFTY owed a further duty to inquire and investigate as to the safety record of the companies and/or drivers it contracted with or hired;

31. Defendant FIFTY-ONE through SIXTY owed a duty of care in performing inspections, service, repair, and/or maintenance of the Subject Truck so as to avoid injury or death to persons simultaneously using the roadways.

32. Defendants JNJW, ENG and MARAVILLA and DOES ONE through FIFTY so negligently entrusted, managed, serviced, maintained, leased, owned, drove and operated said Subject Truck, and so negligently trained, supervised, dispatched and instructed its personnel/drivers/dispatchers, as to cause a collision between pedestrian DECEDENT and the Subject Truck, resulting in the injuries and damages herein alleged. In particular, Defendants JNJW, ENG, MARAVILLA and DOES ONE through SIXTY so negligently and carelessly inspected, serviced, maintained, and/or repaired Subject Truck that it failed at said time and place; Defendants JNJW, ENG, DOES ONE through TEN and DOES TWENTY-ONE through FIFTY so carelessly failed to train, supervise, instruct, dispatch, and/or otherwise guide its driver, Defendant MARAVILLA and DOES ELEVEN through TWENTY as to instruct him to drive a vehicle with malfunctions and/or defects; Defendant MARAVILLA and DOES ELEVEN through TWENTY negligently and carelessly continued to drive the Subject Truck, despite the fact that he knew it was unsafe to do so, a defect that would present an immediate peril to motorists and pedestrians, such as DECEDENT; Defendants JNJW, ENG, DOES ONE through TEN and DOES TWENTY-ONE through FIFTY negligently failed to make investigation or inquiry into the condition of the vehicle being hired and into the safety record of the company and/or the driver so as to hire an unsafe vehicle which presented an immediate peril to motorists and pedestrians, such as DECEDENT;

33. As a legal result of the conduct of Defendants, and each of them, DECEDENT was struck by the Subject Van and sustained catastrophic injuries to her body leading to her death approximately 3 weeks later;

34. As a legal result of the conduct of Defendants, and each of them, DECEDENT incurred special damages before death, and required the employment of emergency personnel,

transport, physicians and surgeons for examination, treatment and care, in an amount significantly exceeding the jurisdictional minimum of this court;

WHEREFORE, Plaintiff KULWANT KALER prays for judgment against Defendants, and each of them, as hereinafter set forth;

## SECOND CAUSE OF ACTION
### Negligence-Wrongful Death

As and For a Second Cause of Action, Plaintiffs KULWANT KALER; GURJIT SINGH; SARVRAJ SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; NAVJIT KAUR, a minor through Kulwant Kaur, Guardian Ad Litem; and HARTEGVEER SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; individually herein allege against Defendants JNJW ENTERPRISES, INC., a California Corporation; KAOHAY ENG a.k.a ENG KAOHAY, an individual; MANUEL SALVADOR MARAVILLA, an individual, and DOES 1-50, and each of them, as follows:

35. Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1 - 32 as though fully set forth herein and further alleges the following:

36. On September 13, 2016, JASVIR KAUR died of the injuries sustained in the August 25, 2016 collision;

37. As a legal result of the conduct of Defendants, and each of them, Plaintiffs were deprived of the love, companionship, comfort, affection, society, solace, protection, services, support, expectations of future support and counseling, as well as other benefits and assistance, of their wife, mother and grandmother, JASVIR KAUR;

38. As a further legal result of the conduct of Defendants, and each of them, Plaintiffs have incurred expenses for funeral, burial and other related costs pertaining to DECEDENT's death in amounts to be ascertained;

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as hereinafter set forth;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KULWANT KALER, as Successor in Interest to JASVIR KAUR, pray for judgment as follows:

1. For special damages;
2. For interest according to law;
3. For costs of suit herein; and
4. For such other and further relief as the Court deems just and proper.

WHEREFORE, plaintiffs, in their individual capacities, pray for judgement as follows:

1. For general damages in the loss of the love, companionship, comfort, affection, society, solace, protection, services, support, expectations of future support and counseling, as well as other benefits and assistance, of their wife, mother, and grandmother JASVIR KAUR;
2. For funeral, burial, and other such expenses, according to proof;
3. For interest according to law;
4. For costs of suit herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: 3/7/18

THE MANN LAW FIRM

Mohinder S. Mann, Esq.
*Attorneys For Plaintiffs*

Mohinder S. Mann, S.B. No. 103165
Gurinder S. Mann, S.B. No. 240918
THE MANN LAW FIRM
1027 W. Taylor Street
San Jose, CA 95126
Telephone (408) 287-1600
Facsimile (408) 287-1639

Attorneys for Plaintiff

**FILED**
JUN 1 3 2018
FRESNO COUNTY SUPERIOR COURT
By _____
DEPT. 501

RECEIVED
6/5/2018 10:07 AM
FRESNO COUNTY SUPERIOR COURT
By: L Peterson, Deputy

IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR COUNTY OF FRESNO

KULWANT KALER, et al,

    Plaintiff.

v.

JNJW ENTERPRISES, INC.,
et al.

    Defendants.

CASE No. 18CECG00833

**AMENDMENT TO COMPLAINT**
(Fictitious Name – DOE 21)

[~~PROPOSED~~] ORDER


18CECG00833
OF
Order filed
561992

TO THE COURT, ALL PARTIES AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

Upon filing the complaint in this case, Plaintiffs being ignorant of the true name of a defendant, designated said defendant in the complaint by the fictitious name of DOE 21. Having discovered the Defendant's true name to be "BEAVEX INCORPORATED", hereby amends the complaint by inserting such true name of such fictitious name wherever it appears in said complaint.

Dated: 6/5/18

THE MANN LAW FIRM

_____
Mohinder S. Mann
Gurinder S. Mann
Attorney for Plaintiff

[PROPOSED] ORDER

Proper cause appearing, the Court Orders the above amendment is allowed and approved.

Dated: 6/13/18

_____
Judicial Officer

# PROOF OF SERVICE

COURT: Superior Court of California, County of Fresno
CASE NAME: Kaler, et al. v. JNJW Enterprises, Inc., et al.
CASE NO: 18CECG00833

    I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of Santa Clara, California and my business address is 1027 West Taylor Street, San Jose, California 95126. On this date, I served the following documents(s):

- AMENDMENT TO COMPLAINT (Fictitious Name – DOE 21) / [PROPOSED] ORDER

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes as shown below by the following means of service:

[✓] **Via United States Mail.** I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **Via Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed it to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] **By Facsimile Transmission.** I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used.:

[ ] **By Email.** I emailed the documents to the persons at the email listed below. No error was reported by the email provider that I used:

Parties to be served: SEE ATTACHED

    Executed on 6/5/18 at San Jose, California. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Gary S. Mann

ATTACHMENT TO PROOF OF SERVICE

Eng Kaohay a.k. Kaohay
3227 N. Redda Road
Fresno, CA. 93737
**Served Defendant**

JNJW Enterprises, Inc.
CSC
2710 N. Gateway Oaks Drive, Suite 150
Sacramento, CA. 95833
**Served Defendant**

Manuel Salvador Maravilla
6287 S. Ivy Avenue
Fresno, CA. 93706
**Served Defendant**