**EXHIBIT B**

MANUEL SALDANA (SBN: 137060)
msaldana@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5054
Facsimile: (213) 680-4470

Attorneys for Defendants
BEAVEX INC., JNJW ENTERPRISES, INC, KAOHAY ENG
a.k.a. ENG KAOHAY, and MANUEL SALVADOR MARAVILLA

E-FILED
7/31/2018 1:13 PM
FRESNO COUNTY SUPERIOR COURT
By: C. York, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| KULWANT KALER; GURJIT SINGH; SARVRAJ SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; NAVJIT KAUR, a minor through Kulwant Kaur, Guardian Ad Litem; and HARTEGVEER SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to JASVIR KAUR, decedent;<br><br>Plaintiffs,<br><br>vs.<br><br>JNJW ENTERPRISES, INC., a California Corporation; KAOHAY ENG a.k.a. ENG KAOHAY, an individual; MANUEL SALVADOR MARAVILLA, an individual; JASWINDER KAUR; SUKHWINDER KAUR and DOES 1-60,<br><br>Defendants. | CASE NO. 18CECG00833<br>*[Assigned to the Hon. Mark W. Snauffer, Dept. 305]*<br><br>**DEFENDANTS BEAVEX INC., JNJW ENTERPRISES, INC, KAOHAY ENG A.K.A. ENG KAOHAY, AND MANUEL SALVADOR MARAVILLA'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint filed: 03/08/2018 |

COMES NOW, Defendants BEAVEX, INC., JNJW ENTERPRISES, INC, KAOHAY ENG a.k.a. ENG KAOHAY, and MANUEL SALVADOR MARAVILLA (hereinafter collectively referred to herein as "BEAVEX"), and answer, on their behalf only, the unverified Complaint of KULWANT KALER; GURJIT SINGH; SARVRAJ SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; NAVJIT KAUR, a minor through Kulwant Kaur, Guardian Ad Litem; and HARTEGVEER SINGH, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to JASVIR KAUR, decedent (hereinafter referred to as "Plaintiffs") as follows:

-1-
ANSWER TO COMPLAINT

## GENERAL DENIAL

1. Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, BEAVEX generally denies each and every and all of the allegations contained in the Complaint, and further denies that Plaintiffs sustained damages in the sum or sums alleged, or in any other sum, or at all.

2. Further answering the Complaint, and the whole thereof, including each and every cause of action contained therein, BEAVEX denies that Plaintiffs have or will sustain any injury, damage, or loss, if any, by reason of any act or omission, fault, or negligence on the part of BEAVEX, or its agents, servants, and employees, or any one of them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3. As a first, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that the Complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against BEAVEX.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Fault)

4. As a second, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that Plaintiffs were their selves solely and totally negligent in and about the matters referred to in the Complaint and that such negligence and carelessness on the part of Plaintiffs amounted to One Hundred Percent (100%) of the negligence involved in this case and was the sole cause of the injuries and damages complained of, if any there were.

### THIRD AFFIRMATIVE DEFENSE

(Negligence of Others)

5. As a third, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that other third-party individuals were themselves solely and totally negligent in and about the matters referred to in the

Complaint and that such negligence and carelessness on the part of those third-party individuals amounted to One Hundred Percent (100%) of the negligence involved in this case and was the sole cause of the injuries and damages complained of, if any there were, and that BEAVEX was not responsible for any such negligence and carelessness.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

6. As a fourth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that Plaintiffs have failed to mitigate the damages which they contend they suffered, and are therefore barred from recovery.

**FIFTH AFFIRMATIVE DEFENSE**

(Independent Cause)

7. As a fifth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that the alleged injuries, damages, or loss, if any, for which Plaintiffs seek recovery, were the result of causes independent of any purported acts or omissions on part of BEAVEX, or its agents, representatives, or employees, thereby eliminating or reducing the alleged liability of BEAVEX, if any.

**SIXTH AFFIRMATIVE DEFENSE**

(Superseding Cause)

8. As a sixth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that the alleged injuries, damages, or loss, if any, for which Plaintiffs seek recovery, were solely caused by an unforeseeable and/or superseding event beyond the control and unrelated to the alleged conduct of BEAVEX. BEAVEX's actions, if any, were superseded by the negligence and wrongful conduct of others.

**SEVENTH AFFIRMATIVE DEFENSE**

(Proximate Cause)

9. As an seventh, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges, without admitting any of the allegations of Plaintiffs' Complaint, that, if it is found liable at the time of trial, then its fault was

not the sole legal or proximate cause of the incidents upon which liability is based or damages awarded, if any, and accordingly, damages awarded, if any, must be apportioned according to the respective fault of all parties, persons or entities or their agents, servants and employees that have contributed to or caused the alleged incidents or damages at the time of trial.

### EIGHTH AFFIRMATIVE DEFENSE

(Justifiable Conduct/No Intent/*Bona Fide* Qualifications)

10. As a eighth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that it did not engage in any conduct relating to or regarding Plaintiffs that were unlawful or motivated by an intent to injure or damage them, and any and each of its decisions relevant to the underlying facts of this matter were justified and based on proper exercise of judgment or other *bona fide* reasons. Furthermore, its conduct did not arise out of any improper or unlawful practice.

### NINTH AFFIRMATIVE DEFENSE

(Compliance with Laws)

11. As a ninth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that inasmuch as it has complied with all laws and regulations with regard to the subject matter of Plaintiffs' Complaint, and each and every purported cause of action contained therein, it is not liable to Plaintiffs for any damages they may have sustained, if any.

### TENTH AFFIRMATIVE DEFENSE

(No Affirmative Conduct)

12. As a tenth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that it was no affirmative conduct on the part of BEAVEX, its employees and it agents, which allegedly caused or contributed to Plaintiffs' alleged damages, and therefore Plaintiffs have no cause of action against BEAVEX.

### ELEVENTH AFFIRMATIVE DEFENSE

(Due Care and Diligence)

13. As a eleventh, separate, and affirmative defense to the Complaint on file herein,

and each and every purported cause of action, BEAVEX alleges that BEAVEX exercised due care and diligence in all of the matters alleged in the Complaint, and no act or omission by BEAVEX was the proximate cause of any damage, injury or loss to Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Exercise Reasonable Care)

14. As a twelfth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that Plaintiffs failed to exercise reasonable care for their own protection against the type of damages and incidents alleged to have occurred in the Complaint, if any, which damages and incidents are denied by BEAVEX. If any such damage has occurred, it was proximately and legally caused in some proportion, up to and including the whole thereof, by the negligence of Plaintiffs, and therefore an award against BEAVEX, if any, must be reduced according to law and according to the principles of comparative fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Contribution)

15. As a thirteenth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that its and its employees and agents' conduct and/or omissions did not affirmatively contribute to Plaintiffs' alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Proposition 51)

16. As a fourteenth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that the Fair Responsibility Act of 1986, commonly known as Proposition 51, be given full force and effect per California Civil Code section 1431, 1431.1 through 1431.5. Specifically, BEAVEX asserts that in the event a judgment is rendered against them and in favor of Plaintiffs, BEAVEX can be held responsible, if at all, for only that proportion of "non-economic" damages for which it is found liable by jury determination and that the rule of joint and several liability shall not apply under such circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Excessive/Speculative)

17. As an fifteenth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that the damages allegedly sustained by Plaintiffs, if any, were excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Indemnification and Contribution)

18. As a sixteenth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX is informed and believes, and therefore alleges, that BEAVEX is entitled to indemnification by apportionment against all other parties and persons whose negligence contributed to the happening of the claimed accident or alleged injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Leave to Amend)

19. As a seventeenth, separate, and affirmative defense to the Complaint on file herein, and each and every purported cause of action, BEAVEX alleges that because the Complaint herein is couched in conclusory terms, BEAVEX cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## **PRAYER**

WHEREFORE, BEAVEX prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. For costs of suit herein; and

///

///

///

3. For such other and further relief as this Court may deem just and proper.

Dated: July 31, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Manuel Saldana
Defendants
BEAVEX INC., JNJW ENTERPRISES, INC, KAOHAY ENG a.k.a. ENG KAOHAY, AND MANUEL SALVADOR MARAVILLA

ANSWER TO COMPLAINT

<u>PROOF OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. On **July 31, 2018**, I served the within documents:

**DEFENDANTS BEAVEX INC., JNJW ENTERPRISES, INC, KAOHAY ENG A.K.A. ENG KAOHAY, AND MANUEL SALVADOR MARAVILLA'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Mohinder S. Mann
THE MANN LAW FIRM
1027 W. Taylor Street
San Jose, CA 95126
Telephone: (408) 387-1600
Facsimile: (408) 287-1639
*Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 31, 2018** at Los Angeles, California.

*/s/ Sandy Halvorsen*
Sandy Halvorsen