# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                         :  Chapter 7
                                                               :
BEAVEX HOLDING CORPORATION, *et al.*,[1]                       :  Case No. 19-10316(LSS)
                                                               :  (Jointly Administered)
                                                               :
                                    Debtors.                   :  **RE: D.I. 401**
---------------------------------------------------------------x

## STIPULATION TO MODIFY THE AUTOMATIC STAY

### PARTIES

Kulwant Kaler, Gurjit Singh, Sarvraj Singh, a minor through Kulwat Kaur, Guardian Ad Litem, Navjit Kaur, a minor through Kulwant Kaur, Guardian Ad Litem, and Hartegveer Singh, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to Jasvir Kaur, decedent (collectively, "Movants") and George L. Miller, solely in his capacity as the chapter 7 trustee of the above-captioned debtors (the "Trustee") submit the following Stipulation to Modify the Automatic Stay ("Stipulation"). Collectively, the Trustee and Movants are referred to herein as the "Parties".

### RECITALS

A. On March 8, 2018, Movants commenced litigation against debtor JNJW Enterprises, Inc ("JNJW"), Kaohay Eng a.k.a Eng Kaohay, Manuel Salvador Maravilla, Jaswinder Kaur, Sukhwinder Kaur, and Does 1-60 in the Superior Court of California, County of Fresno (the "State Court Litigation"). On June 13, 2018, Movants filed an Amendment to Complaint amending the fictitious name of defendant Doe 21 to the true name of debtor BeavEx Incorporated (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers is as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

"BeavEx Inc."). Prior to the Petition Date the Debtor and the Movants were engaged in litigation (the "Civil Action") pending in the Circuit Court of the State of California for the County of Fresno, Case No. 18CECG0083 (the "State Court").

B. The Complaint alleges that decedent Jasvir Kaur was the victim of an automobile versus pedestrian collision on August 26, 2016, which ultimately resulted in her death on September 13, 2016. The vehicle was operated by Manuel Maravilla, was owned by Kaohay Eng, and was allegedly employed for delivery services by debtors JNJW and BeavEx Inc. (collectively, the "Debtor Defendants").

C. On July 31, 2018, the defendants answered the Complaint, and the parties have been engaged in discovery and third-party subpoena practice until the filing of the Chapter 11 Cases.

D. During the State Court Litigation, the Debtor Defendants disclosed the existence of four insurance policies under which they are named insureds. The insurance policies include: (i) a courier cargo insurance policy underwritten by Certain Underwriters at Lloyd's London with a policy number of B0713FINFR1601672; (ii) automobile liability insurance underwritten by AAA Insurance Exchange with a policy number of CAAS200536729; (iii) excess liability coverage underwritten by Starr Surplus Lines Insurance Company with a policy number of 1000035128161; and (iv) excess liability coverage underwritten by Navigators Specialty Insurance Company with a policy number of HO16EXC8297501C; there may be other applicable insurance policy revealed during discovery in the State Court Litigation (collectively, the "Insurance Policies").

E. On February 18, 2019, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. On March 1, 2019, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in the Debtors' bankruptcy cases.

F. On March 1, 2019, counsel for the defendants, on behalf of the Debtor Defendants, filed a *Suggestion of Bankruptcy* in the State Court Litigation to advise the Superior Court of California (the "State Court") that the Debtor Defendants had commenced the Chapter 11 Cases and, as a result, an injunction was now in effect, pursuant to section 362 of the Bankruptcy Code, to stay the State Court Litigation and enjoin the Movants from continuing to pursue their claims as against the Debtor Defendants in the State Court. On March 22, 2019, the Movants filed a motion seeking remand of the Civil Action to the State Court.

G. On July 23, 2019, Movants filed the *Motion of Kulwant Kaler, Gurjit Singh, Sarvraj Singh, a minor through Kulwat Kaur, Guardian Ad Litem, Navjit Kaur, a minor through Kulwant Kaur, Guardian Ad Litem, and Hartegveer Singh, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to Jasvir Kaur, decedent for Relief from the Automatic Stay. See*, D.I. 401.

H. On June 26, 2019, the Debtors filed a Motion for Entry of an Order (I) Converting Their Chapter Cases to Cases Under Chapter 7 and (II) Granting Related Relief [D.I. 355] (the "Conversion Motion"). On July 23, 2019, the Court entered an Order granting the Conversation Motion, and George L. Miller was appointed as the interim Chapter 7 trustee (the "Chapter 7 Trustee") in the Debtors' Chapter 7 bankruptcy cases (the "Chapter 7 Cases"). *See* D.I. 398, 299.

Now therefore, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Stipulation, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

**STIPULATION**

1. This Stipulation is deemed effective on the date it is executed by both parties hereto and approved by the Bankruptcy Court (the "Stipulation Effective Date"). Promptly after execution by the Parties, the Trustee shall seek approval of the Stipulation by the Bankruptcy Court.

2. On the Stipulation Effective Date, the Movants shall have limited relief from the automatic stay in the Chapter 7 Cases solely for the purposes of pursuing the State Court Litigation against the Debtors as a nominal defendants at no cost to the Debtors' estate, Insurance Policies, and any non-Debtor defendants, provided that (a) any recovery by the Movants shall be had solely from the proceeds of the Insurance Policies, (b) nothing contained herein shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtors that may be implicated hereby, and (c) any self-insured retention provisions of any insurance policies shall remain in full force and effect, provided that the Debtors' estates shall have no obligation under the Insurance Policies or any insurance policies to spend any money or incur any cost in defense of the State Court Litigation.

3. Upon the Stipulation Effective Date, the Movants waive their rights, if any, to any distribution from the Debtors' estates, and any right to collect from an of the Debtors' estates, with respect to any claims, including, without limitation the claims asserted by the Movants in the State Court Litigation against the Debtors; provided that in no event shall the foregoing waiver prevent the Movants from pursuing the claims asserted in the State Court Litigation against any proceeds of the Insurance Policies, pursuit of which is expressly reserved.

4. This Stipulation shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles, or any other rule or regulation that would result in application of any other state's law.

5. This Stipulation may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute on and the same agreement. Facsimile or otherwise electronically transmitted signatures shall be deemed to have the full force and effect of original ink signatures.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation. The Movants consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties hereto arising from or relating to this Stipulation. Any motion of application brought before the Bankruptcy Court to resolve a dispute arising from or relating to this Stipulation shall be brought on proper notice in accordance with relevant Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

7. Each Party shall bear its own costs and expenses with respect to this Stipulation.

8. Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation and (b) that each party signing this Stipulation is entered into this Stipulation knowingly, voluntarily, and of its own free will.

9. Except as provided for herein, the automatic stay in the Chapter 7 Cases shall remain in full force and effect.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 20, 2019  
Wilmington, Delaware

Respectfully submitted,

*/s/ Matthew G. Summers*
Leslie C. Heilman, Esquire (DE No. 4716)
Matthew G. Summers, Esquire (DE No. 5533)
Chantelle D. McClamb, Esquire (DE No. 5978)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail:  heilmanl@ballardspahr.com
        summersm@ballardspahr.com
        mcclambc@ballardspahr.com

and

Adam C. Ballinger, Esquire
BALLARD SPAHR LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
Telephone:  (612) 371-6203
Facsimile:  (612) 371-3207
E-mail:  ballingera@ballardspahr.com

*Counsel to Kulwant Kaler, Gurjit Singh, Sarvraj Singh, a minor through Kulwat Kaur, Guardian Ad Litem, Navit Kaur, a minor through Kulwant Kaur, Guardian Ad Litem, and Hartegveer Singh, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to Jasvir Kaur, decedent*

Dated:  August 20, 2019
Wilmington, Delaware

Respectfully submitted,

*/s/ David M. Klauder*
David M. Klauder, Esquire (DE No. 5769)
Thomas D. Bielli, Esquire
BIELLI & KLAUDER, LLC
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: dklauder@bk-legal.com
E-mail:  tbielli@bk-legal.com

*Counsel to George L. Miller, solely in his capacity as the Chapter 7 Trustee*