# EXHIBIT 1

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BEAVEX HOLDING CORPORATION, *et al.*,[1] | ) | Case No. 19-10316(LSS) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 401, 416** |
| Debtors. | ) | |
| | ) | |

## ORDER MODIFYING THE AUTOMATIC STAY

Upon the Stipulation to Modify the Automatic Stay (the "Stipulation") between Kulwant Kaler, Gurjit Singh, Sarvraj Singh, a minor through Kulwat Kaur, Guardian Ad Litem, Navjit Kaur, a minor through Kulwant Kaur, Guardian Ad Litem, and Hartegveer Singh, a minor through Kulwant Kaur, Guardian Ad Litem; individually and as Successors-in-Interest to Jasvir Kaur, decedent (collectively, "Movants") and George L. Miller, solely in his capacity as the chapter 7 trustee of the above-captioned debtors (the "Trustee") (the "Stipulation");[2] [D.I. 416], and after due deliberation, IT IS HEREBY ORDERED:

1. The Stipulation is approved as attached hereto and as set forth herein.

2. The automatic stay is modified with respect to the case captioned *Kaler, et al. v. JNJW Enterprices, Inc. et al.*, pending in the Superior Court of California, County of Fresno,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers is as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339

[2] Capitalized terms used but not defined herein will have the meanings given to them in the Stipulation.

Case No 18CECG00833 (the "State Court Litigation") for the exclusive purpose of permitting the Movants to proceed against the Debtors in the State Court Litigation as nominal defendants only, at no cost to the Debtors, their estates, or their successors, so Movants may establish liability against Debtors for the sole purpose of recovering from either (a) any non-Debtor defendants, (b) any proceeds of Insurance Policies issued in the name of or for the benefit of the Debtors (collectively, the "Debtor Policies"), or (c) any third-party insurance policies that may apply (together with the Debtor Policies, the "Permitted Policies").

3. The Movants agree and acknowledge that: (a) the Debtors have not made any representations or warranties as to the likelihood of recovery against any non-Debtor defendants or Permitted Policies; (b) any recoveries arising from the State Court Litigation or related claims (whether by mediation, arbitration, or otherwise) with respect to the Debtors, their estates, or their successors are limited solely to proceeds from non-Debtors or the Permitted Policies, if any, and not from the Debtors, their estates, or their successors; (c) the Movants hereby waive any and all claims arising from or related to the State Court Litigation that could otherwise be asserted against the Debtors, their estates, or their successors; (c) the Movants hereby waive any recoveries arising from the State Court Litigation to the extent such recoveries may trigger indemnification or reimbursement rights owed to a co-defendant from one or more of the Debtors, their estates, or their successors, but only to the extent such indemnification or reimbursement right is something other than a prepetition, general unsecured claim; and (d) as against the Debtors, the Movant must prosecute the State Court Litigation (and enforce any judgment obtained on account of the State Court Litigation) solely with respect to proceeds available from the Permitted Policies, if any.

4. The Movants must file this Order in the court in which the State Court Litigation is pending within five (5) business days after entry of this Order.

5. Any proofs of claim filed by Movants with respect to the State Court Litigation in the Debtors' Chapter 7 Cases, are hereby expunged and the Movants are forever barred, estopped, and enjoined from asserting proofs of claim in the Debtors' Chapter 7 Cases against the Debtors arising from or related to the State Court Litigation.

6. The Debtors and the Movants are not waiving and will not be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the State Court Litigation.

7. Neither this Order nor any negotiations and writings in connection with this Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

KE 36582640