## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| BEAVEX HOLDING CORPORATION, *et al.*[1] | : | Case No. 19-10316 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estates of BeavEx Holding Corporation, *et al.* | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No. _____ |
| | : | |
| WINDSTREAM HOLDINGS, INC., d/b/a WINDSTREAM | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT TO (I) COMPEL TURNOVER OF PROPERTY OF THE DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 542; (II) RECOVER THE PROPERTY FOR UNJUST ENRICHMENT; (III) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d); (IV) SANCTIONS FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY AND (V) INJUNCTIVE RELIEF

George L. Miller, Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy

estates of BeavEx Holding Corporation, *et al.* (the "Debtors"), by and through his undersigned

counsel, brings this adversary complaint against Windstream Holdings, Inc. d/b/a as Windstream

(the "Defendant" or "Windstream") requesting the following relief: (i) to compel turnover of

property of the Debtors' bankruptcy estates pursuant to 11 U.S.C. §542(a) & (e); (ii) to recover

the property for unjust enrichment; (iii) to disallow all claims of the Defendant pursuant to 11

U.S.C. § 502; (iv) to impose sanctions against the Defendants for its willful violations of the

---

[1] The Debtors in these cases are: BeavEx Holding Corporation; BeavEx Acquisition, Inc.; BeavEx incorporated; JNJW Enterprises, Inc.; and USXP, LLC

automatic stay, and (v) for injunctive relief.  In support of the relief requested, the Plaintiff states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E).

2.      Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4.      This is an adversary proceeding brought under and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 542 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

5.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

6.      On or about February 18, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7.      On July 23, 2019 (the "Conversion Date"), this Court entered an order converting these cases to cases under Chapter 7 of the Bankruptcy Code.

8.      On the Conversion Date, the United States Trustee appointed George L. Miller as Chapter 7 Trustee in these cases.

**PARTIES**

2

9.      The Trustee, the Plaintiff herein, is authorized under the Bankruptcy Code to bring this action on behalf of the Debtors' bankruptcy estates.

10.     Upon information and belief, at all relevant times, Defendant is a corporation that provides voice and data network communications across the United States.  Upon further information and belief, Defendant is headquartered in Little Rock, Arkansas, and incorporated in the state of Delaware.

## STATEMENT OF FACTS

11.     Upon information and belief, prior to the Conversion Date, Defendant provided internet and telecommunication services to the Debtors at some of its locations, including the Debtors' headquarters in Atlanta, Georgia and the third party offsite location of the Debtors' servers in Suwanee, Georgia.

12.     Defendant filed a proof of claim in these cases asserting that the Debtors owed it $267,693.61 as of the Petition Date.  Upon information and belief, Defendant received, and continues to receive, all notices related to the bankruptcy case including the Conversion Order.

13.     Since the Conversion Date, the Trustee has been attempting to compile the Debtors' books and records (both in paper form and electronic records), and streamline the storage of such records.  This includes the computer servers that currently store substantially all of the Debtors' records necessary for case administration.  The Trustee was transferring the data on these servers, which would result in a significant savings for the bankruptcy estate.  The cost to house the servers equals $11,719.00 per month, and but for Defendant's actions, the transfer would have been completed by October 31, 2019.

14.     Recently, and without any notice whatsoever to the Trustee, the Defendant terminated the internet and telecommunication at the location of the Debtors' servers currently

housed at a third party facility in Suwanee, Georgia, thereby preventing the Trustee from continuing the transfer of the Debtors' records. The Defendant's actions have caused immediate and significant harm to the estate as a result of (i) the continued costs the bankruptcy estates must pay to house the servers before the information can be copied; (ii) by preventing the Trustee from accessing the Debtors' books and records that are critical for administration of these bankruptcy estates, including administering assets for the benefit of creditors; and (iii) the possible loss of critical financial data caused by the Defendant's willful and wanton disruption of the service. The Trustee avers that the damages to the bankruptcy estate caused by the Defendant's actions will be in excess of $50,000.00[2].

15.    After learning of the discontinuance of service, the Trustee sent demand to Windstream. *See Exhibit 1.* Windstream responded by stating the following: "Windstream understands the Trustee's need for internet services to be able to access the data housed on the QTS servers and is willing to work with your client, however we need to communicate proper expectations and options to move forward being that these services are completely disconnected." *See Exhibit 2.* Notwithstanding the Trustee's demand, and the Windstream acceptance that the Trustee needs the internet service to access the books and records, Windstream has not restored, nor agreed to restore the appropriate internet service.

---

[2] The Trustee is researching other means to obtain internet service, including with a different internet service provider. The Trustee's initial research on this issue demonstrates that significant costs will be incurred in switching to a different internet service provider.

## CLAIMS FOR RELIEF

### COUNT I
### (Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

16.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

17.     On the Petition Date, Debtors had ownership of corporate books and records, including information housed on computer servers.  These records are property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. §541(a).  As of the Conversion Date, the records were transferred to the Trustee, who is transferring the electronic records housed on computer servers in order to efficiently and economically compile them for his use in these bankruptcy cases.

18.     Defendant impermissibly and without any notice to the Trustee discontinued internet service to the Debtors' location in Suwanee, Georgia, thereby preventing the trustee from accessing these electronic records.

19.     As a result of Defendant's actions in this regard, the Defendant has asserted custody and/or control over property of the estate, i.e., the books and records of the Debtors.

20.     Pursuant to 11 U.S.C. §542(a), any party in possession, custody or control of property of the Debtor's bankruptcy estate must turn over and deliver such property or the value thereof to the Trustee.

21.     Pursuant to 11 U.S.C. §542(e), the Court may order any person that holds recorded information, including books, documents, records and papers, relating to the debtor's property or financial affairs, to turn over such information to the Trustee.

22.     Despite repeated demand from the Trustee, the Defendant has failed to restart the internet service thereby preventing the Trustee to access the Debtors' electronic books and records, and as such, has failed to turn over and deliver such property to the Trustee.  Defendant's

5

actions have caused damage to the Trustee and the bankruptcy estates by requiring the Trustee to continue to incur administrative costs.

23.     Accordingly, pursuant to 11 U.S.C. §542(a) & (e), Plaintiff is entitled to an order of the Court directing Defendant to immediately restore internet access allowing the Trustee to access the property of the bankruptcy estates, including the Debtors' books and records.

## COUNT II
## (Unjust Enrichment)

24.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

25.     Defendant was enriched as a result of by receiving and retaining something of value that is property of the bankruptcy estates.

26.     This enrichment violates the law, equity and good conscience.

27.     This enrichment does not result from enforceable agreements between the Debtor and the Defendant.

28.     By reason of the foregoing, Defendant should be compelled by this Court to make restitution to the Trustee in the amount that the Defendant has been unjustly enriched.   The Trustee has been damaged in excess of $50,000.00 as a result of the Defendant's actions as described herein.

## COUNT III
## (Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))

29.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

30.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 542.

31.     Defendant has not turned over to the Trustee the electronic books and records, for which Defendant is liable under 11 U.S.C. § 542.

32.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 7 bankruptcy estates or Plaintiff must be disallowed.

33.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 bankruptcy estates, or Plaintiff, previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed.

34.     The Trustee has been damaged in excess of $50,000 by the Defendant's action herein, as such any and all Claims of the Defendant should be disallowed.


**COUNT IV**
**(Sanctions Against Defendant for Willful Violations of the Automatic Stay)**


35.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

36.     The Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of … (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

37.     The Bankruptcy Code also provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

38.     Here, it is clear that the Defendant willfully violated the automatic stay provisions of the Bankruptcy Code by discontinuing the internet service thereby preventing the Trustee from

accessing the Debtors' books and records and refusing to turn that service on despite demand from the Trustee.

39.     Pursuant to 11 U.S.C. § 362(k), the Trustee, on behalf of the bankruptcy estates, is entitled to damages, including costs and attorneys' fees, that he has incurred with respect to the willful violations of the automatic stay by the Defendant, including all attempts by the Trustee to recover the Debtors' books and records.

## COUNT V

## (Section 105 Injunction)

40.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

41.     A bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

42.     A Bankruptcy Court may, therefore, in its discretion, issue injunctive relief under section 105 of the Bankruptcy Code in order to restrain or require activities that threaten the policies underlying the bankruptcy process and the administration of a debtor's estate or impair the court's jurisdiction with respect to the case before it.

43.     This Court's issuance of an injunction requiring Windstream to restore the internet service as described herein is necessary in order to preserve and facilitate the orderly administration of the Debtors' bankruptcy estates.

44.     Without the Court's issuance of an injunction, the Trustee will continue to incur significant costs in continuing to maintain the computer servers without the ability the transfer the data.  In addition, material information that is critical to the Trustee's administration of these

cases is unattainable and may be subject to loss as a result of the Defendant's actions described herein.

45.     The requested injunctive relief will serve the public interest by allowing the Trustee to properly administer these cases for the benefit of all creditors.

46.     Injunctive relief pursuant to section 105 of the Bankruptcy Code requiring the Defendant to restore the internet service as described herein is therefore necessary and appropriate.

WHEREFORE, the Trustee respectfully requests the entry of a judgment in his favor and against the Defendant as follows: (a) directing and ordering the Defendant to return to the Trustee access to the Debtors' books and records pursuant to 11 U.S.C. § 542; (b) awarding judgment against the Defendant and in favor of the Plaintiff in an amount in excess of $50,000, which equals the damages caused by the Defendant's actions, plus awarding pre- and post-judgment interest at the maximum legal rate running from the Petition Date until the judgment is satisfied by the Defendant, and awarding Plaintiff its costs and attorney's fees as a result of this lawsuit; (c) compelling the Defendant to make restitution to the Plaintiff in the amount that it was unjustly enriched by its refusal to allow access to the Debtors' books and records; (d) awarding sanctions against the Defendant for its willful violations of the automatic stay, with such sanctions at the very least equaling the Plaintiff's fees and costs in attempting to retrieve access to the Debtors' books and records; (e) issuing injunctive relief requiring the Defendant to restore the necessary and appropriate internet service; and (f) awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

Date:  November 7, 2019

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE  19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of BeavEx Holding Corporation, et al.*