IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                              : Chapter 7
                                                    :
BEAVEX HOLDING CORPORATION, *et al.*,[1]            : Case No. 19-10316 (LSS)
                                                    : (Jointly Administered)
                                                    :
                    Debtors.                        :
---------------------------------------------------------------x

## STIPULATION TO MODIFY THE AUTOMATIC STAY

### PARTIES

Mashauni Walker ("Movant") and George L. Miller, solely in his capacity as the chapter 7 trustee of the above-captioned debtors (the "Trustee") submit the following Stipulation to Modify the Automatic Stay ("Stipulation"). Collectively, the Trustee and Movant are referred to herein as the "Parties".

### RECITALS

A.   On February 9, 2018, Movant commenced litigation against debtor BeavEx Incorporated, and Gilbert Cisneros, in the 224th Judicial District, Bexar County, Texas (the "State Court Litigation"). On May 30, 2018, Movant filed an Amendment to Complaint adding Rogelio Gonzalez d/b/a Gonzalez Delivery Service, to the suit  Prior to the Petition Date the Debtor and the Movant were engaged in litigation (the "Civil Action") pending in the District Court of the State of Texas for the County of Bexar, Case No. 2018CI02427 (the "State Court").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers is as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339

B. The Complaint alleges that Plaintiff Mashauni Waller was the victim of an automobile collision on December 10, 2016, which resulted in personal injuries. The vehicle was operated by Gilbert Cisneros, was owned by and allegedly employed for delivery services by debtor BeavEx Inc. (the "Debtor Defendant").

C. On April 5, 2018, the Debtor Defendant answered the Complaint, and the parties have been engaged in discovery until the filing of the Chapter 11 Cases.

D. During the State Court Litigation, the Debtor Defendant disclosed the existence of an insurance policies under which they are named insureds. The insurance policy includes: (i) a courier cargo insurance policy underwritten by Lockton with a policy number of FINFR1601672; (ii; there may be other applicable insurance policies revealed during discovery in the State Court Litigation (the "Insurance Policy").

E. On February 18, 2019, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2019, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in the Debtors' bankruptcy cases.

F. On March 1, 2019, counsel for the defendants, on behalf of the Debtor Defendants, filed a *Suggestion of Bankruptcy* in the State Court Litigation to advise the District Court of Texas (the "State Court") that the Debtor Defendants had commenced the Chapter 11 Cases and, as a result, an injunction was now in effect, pursuant to section 362 of the Bankruptcy Code, to stay the State Court Litigation and enjoin the Movant from continuing to pursue their claims as against the Debtor Defendants in the State Court.

G. On June 26, 2019, the Debtors filed a Motion for Entry of an Order (I) Converting Their Chapter Cases to Cases Under Chapter 7 and (II) Granting Related Relief [D.I. 355] (the "Conversion Motion"). On July 23, 2019, the Court entered an Order granting the Conversation Motion, and George L. Miller was appointed as the interim Chapter 7 trustee (the "Chapter 7 Trustee") in the Debtors' Chapter 7 bankruptcy cases (the "Chapter 7 Cases"). *See* D.I. 398, 299.

Now therefore, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Stipulation, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

**STIPULATION**

1. This Stipulation is deemed effective on the date it is executed by both parties hereto and approved by the Bankruptcy Court (the "Stipulation Effective Date"). Promptly after execution by the Parties, the Trustee shall seek approval of the Stipulation by the Bankruptcy Court.

2. On the Stipulation Effective Date, the Movant shall have limited relief from the automatic stay in the Chapter 7 Cases solely for the purposes of pursuing the State Court Litigation against the Debtors as a nominal defendants at no cost to the Debtors' estate, Insurance Policies, and any non-Debtor defendants, provided that (a) any recovery by the Movant shall be had solely from the proceeds of the Insurance Policies, (b) nothing contained herein shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtors that may be implicated hereby, and (c) any self-insured retention provisions of any insurance policies shall remain in full force and effect, provided that the Debtors' estates shall have no obligation under the Insurance Policies or any insurance policies to spend any money or incur any cost in defense of the State Court Litigation.

3. Upon the Stipulation Effective Date, the Movant waives their rights, if any, to any distribution from the Debtors' estates, and any right to collect from an of the Debtors' estates, with respect to any claims, including, without limitation the claims asserted by the Movant in the State Court Litigation against the Debtors; provided that in no event shall the foregoing waiver prevent the Movant from pursuing the claims asserted in the State Court Litigation against any proceeds of the Insurance Policies, pursuit of which is expressly reserved.

4. This Stipulation shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles, or any other rule or regulation that would result in application of any other state's law.

5. This Stipulation may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute on and the same agreement. Facsimile or otherwise electronically transmitted signatures shall be deemed to have the full force and effect of original ink signatures.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation. The Movants consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties hereto arising from or relating to this Stipulation. Any motion of application brought before the Bankruptcy Court to resolve a dispute arising from or relating to this Stipulation shall be brought on proper notice in accordance with relevant Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

7. Each Party shall bear its own costs and expenses with respect to this Stipulation.

8. Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties

hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation and (b) that each party signing this Stipulation is entered into this Stipulation knowingly, voluntarily, and of its own free will.

9. Except as provided for herein, the automatic stay in the Chapter 7 Cases shall remain in full force and effect.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 17, 2020
Wilmington, Delaware

**RESPECTFULLY SUBMITTED,**

THE LAW OFFICE OF THOMAS J. HENRY
5711 University Heights Blvd. Ste. 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361) 985-0601

By: /s/ Christopher M. Chenault
Christopher M. Chenault
State Bar No. 24097494
*Email: cchenault-svc@thomasjhenrylaw.com
*** service by this email only**

**ATTORNEYS FOR MOVANT**

5

Dated: July 17, 2020  
Wilmington, Delaware

Respectfully submitted,

*/s/ David M. Klauder*
David M. Klauder, Esquire (DE No. 5769)
Thomas D. Bielli, Esquire
BIELLI & KLAUDER, LLC
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: dklauder@bk-legal.com
E-mail: tbielli@bk-legal.com

*Counsel to George L. Miller, solely in his capacity as the Chapter 7 Trustee*