# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| BEAVEX HOLDING CORPORATION, *et al.*,[1] ) | Case No. 19-10316(LSS) |
| ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Re: Docket No. 620 |
| Debtors. ) | |
| ) | |

## ORDER MODIFYING THE AUTOMATIC STAY

Upon the Stipulation to Modify the Automatic Stay (the "<u>Stipulation</u>") between AmerisourceBergen Drug Corporation ("Amerisource") and George L. Miller, solely in his capacity as the chapter 7 trustee of the above-captioned debtors (the "<u>Trustee</u>") (the "<u>Stipulation</u>");[2] and after due deliberation, IT IS HEREBY ORDERED:

1. The Stipulation attached hereto as **<u>Exhibit A</u>** and as set forth herein is approved.

2. The automatic stay is modified with respect to the case captioned *Estate of Sara Correa-Ojeda et al. v. BeavEx Inc., et al.,* Case No.: RG18931535 pending in California Superior Court, Alameda County (the "Estate of Correa Action") for the exclusive purpose of permitting Amerisource to proceed against the Debtors in the Estate of Correa Action as nominal defendants only, at no cost to the Debtors, their estates, or their successors, so Amerisource may establish liability against Debtors for the sole purpose of recovering from either (a) any non-Debtor defendants, (b) any proceeds of Insurance Policies issued in the name of or for the benefit of the Debtors

---

[1] 1  The Debtors and the last four digits of their respective taxpayer identification numbers is as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

[2] Capitalized terms used but not defined herein will have the meanings given to them in the Stipulation.

128352419.1                                2

(collectively, the "Debtor Policies"), or (c) any third-party insurance policies that may apply (together with the Debtor Policies, the "Permitted Policies") including any subsequent appeals, and may enforce any judgment, including any alternative dispute resolution award or settlement obtained in the Estate of Correa Action against the Debtor and/or the Debtor applicable insurance..

3. Amerisource agree and acknowledge that: (a) the Debtors have not made any representations or warranties as to the likelihood of recovery against any non-Debtor defendants or Permitted Policies; (b) any recoveries arising from the Estate of Correa Action or related claims (whether by mediation, arbitration, or otherwise) with respect to the Debtors, their estates, or their successors are limited solely to proceeds from non-Debtors or the Permitted Policies, if any, and not from the Debtors, their estates, or their successors; (c) Amerisource hereby waives any and all claims arising from or related to the Estate of Correa Action that could otherwise be asserted against the Debtors, their estates, or their successors; (c) Amerisource hereby waives any indemnification or reimbursement rights owed to it as a co-defendant from one or more of the Debtors or their estates but only to the extent such indemnification or reimbursement right is a prepetition, general unsecured claim; and (d) as against the Debtors, Amerisource must prosecute the Estate of Correa Action (and enforce any judgment obtained on account of the Estate of Correa Action) solely with respect to proceeds available from the Permitted Policies, if any or other sources outside of the Debtors' bankruptcy estates.

4. Amerisource must file this Order in the court in which the Estate of Correa Action is pending within five (5) business days after entry of this Order.

5. Amerisource will not pursue claims against the Debtors except through timely filed proofs of claim, if any, filed by Amerisource with respect to the Estate of Correa Action in the Debtors' Chapter 7 Cases.

6. The Debtors and the Amerisource are not waiving and will not be deemed to have

waived any available claims or defenses, including at law, equity, or otherwise with respect to the Estate of Correa Action.

7. Neither this Order nor any negotiations and writings in connection with this Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

*[Signature]*

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY** JUDGE

Dated: September 7, 2023
**Wilmington, Delaware**

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                : Chapter 7
                                      :
BEAVEX HOLDING CORPORATION, et al.,[1] : Case No. 19-10316(LSS)
                                      : (Jointly Administered)
                                      :
                    Debtors.
---------------------------------------------------------------x

## STIPULATION TO MODIFY THE AUTOMATIC STAY

### PARTIES

AmerisourceBergen Drug Corporation ("Amerisource") and George L. Miller, solely in his capacity as the chapter 7 trustee of the above-captioned debtors (the "Trustee") submit the following *Stipulation to Modify the Automatic Stay* ("Stipulation"). Collectively, the Trustee and Amerisource are referred to herein as the "Parties".

### FACTS

AmerisourceBergen ("Amerisource") is a pharmaceutical distribution and healthcare solutions company. It operates as one of the largest pharmaceutical wholesalers in the United States, serving as an intermediary between pharmaceutical manufacturers and various healthcare providers, including hospitals, retail pharmacies, clinics, and long-term care facilities.

Prior to the Chapter 7 Cases, BeavEx Inc. ("Beavex" or "Debtor") provided transportation and logistics services. The Company offered crossdocking and distribution, mail room operations, warehousing, storage, and product fulfillment services.

Amerisource and Beavex entered into a Carrier Service Agreement ("CSA") on July 1, 2014, for Beavex to pick up, transport, and deliver Amerisource's products to Amerisource's

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers is as follows: BeavEx Holding Corporation (7740); BeavEx Acquisition, Inc. (5497); BeavEx Incorporated (7355); JNJW Enterprises, Inc. (4963); and USXP, LLC (2997). The headquarters for the above-captioned Debtors is located at 2120 Powers Ferry Road SE, Suite 300, Atlanta, GA 30339.

128786674.1                                1

clients.

The CSA provides, in relevant part, the following:

**11. Insurance Coverage.** Carrier will, during the Term of this Agreement, maintain coverage at least equal to those amounts listed below:

\* \* \* \*

    c.  **General Liability Insurance.** Carrier will maintain general liability insurance, including ABDC as an additional insured. Coverage shall include those perils generally associated with the Insurance Services Office's Comprehensive (Broad Form) General Liability Policy, and specifically include coverage for liability assumed under contract. Carrier will also provide or cause to be provided similar General Liability Insurance for all subcontractors.

General Liability Limits Not Less Than

| | | |
|---|---|---|
| i) | Bodily Injury or Property Damage | $1,000,000 per occurrence |
| ii) | Products or Completed Operations | $1,000,000 per occurrence |
| iii) | Products or Completed Operations | $2,000,000 Annual Aggregate |

    d.  **Automobile Liability Insurance.** Carrier will maintain automobile liability insurance for claims arising out of its owned, hired and borrowed vehicles, including ABDC as additional insured. Coverage shall include liability assumed under contract.

General Liability Limits Not Less Than

Combined single limit for bodily injury and property damage - $1,000,000 per occurrence.

    e.  **Excess /Umbrella) Liability:** Carrier will maintain Excess (Umbrella) liability insurance attaching in excess of c. and d. above with a limit of not less than $5,000,000 per occurrence....

**13. Indemnification.**

    a.  Carrier shall indemnify, defend and hold harmless ABDC, its affiliates, parents and subsidiaries and its respective officers, directors, agents, employees, representatives, successors, assigns and ABDC's customers (collectively "Indemnified Parties") from and against any actual or asserted losses, claims, damages, liabilities, obligations, penalties, judgments, awards, costs, expenses and disbursements ("Claims") to the extent arising out of Claims against the Indemnified Party for (1) any breach of this Agreement; (2) the acts

or omissions of Carrier or its employees, agents, representatives or Subcontractors; (3) any compensation, tax or other liability owed to any governmental entity in connection with Carrier's employees, agents, representatives or Subcontractors; and (4) the personal injury or death of any person or damage to property, including third parties and their property, regardless of where such injury or damage took place, relevant to Carrier or its employees, agents, Subcontractors or other representatives in the performance of any Services except to the extent that such personal injuries are caused by the negligent, intentional or reckless acts or omissions of ABDC.

   b. Upon receipt of any notice of a Claim, Indemnified Party shall give prompt written notice to Carrier. Failure to give prompt written notice of a Claim will not relieve Carrier of liability except to the extent caused by such failure.

   c. Carrier shall retain counsel that is satisfactory to the Indemnified Party at the Carrier's expense to act as lead counsel in the defense of all Claims against Indemnified Party. Indemnified Party may retain counsel of its own choice and at its own expense to the extent necessary to protect its interests and to act as co-counsel in the litigation or settlement of any Claim. Indemnified Party will cooperate fully in defense of all Claims. Carrier will not settle or otherwise resolve any claim without Indemnified Party's prior written approval.

   Beavex subcontracted with S.S.A. Delivery Services, Inc. to make deliveries of Amerisource products to Amerisource's clients.

   On June 14, 2017, Decedent Sara Correa-Ojeda ("Decedent") was walking northbound on the west curb of Fremont Blvd. in Fremont, California. Jose Bonilla Valladares ("Valladares"), an employee of S.S.A Delivery Services, Inc., was driving a delivery vehicle eastbound on Capitol Ave and was stopped at a red light at the intersection with Fremont Blvd. Valladares was stopped in the rightmost lane of traffic, waiting for an opportunity to make a right turn onto Fremont Blvd. Decedent entered the crosswalk and started to cross the intersection. At the same time, Valladares started his right turn. Allegedly, Valladares' vehicle collided with Decedent, Valladares continued driving forward, and the Decedent was ran over by Valladares' vehicle causing Decedent fatal injuries. Decedent was pronounced dead at the scene.

   Thereafter, on or around December 10, 2018, the Estate of Sara Correa-Ojeda and Fidel Rojas commenced a personal injury action in California Superior Court, Alameda County, entitled *Estate of Sara Correa-Ojeda et al. v. BeavEx Inc., et al.*, Case No.: RG18931535 (the "Estate of Correa Action") in which the Estate of Sara Correa-Ojeda (the "Estate") alleges the

accident was the consequence of Valladares' negligence. The Estate of Correa Action could potentially result in a judgment of several million dollars.

On February 18, 2019, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors were authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2019, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors in the Debtors' bankruptcy cases. On February 27, 2019, the Debtor filed a Notice of Stay of Proceedings in the Estate of Correa Action.

On June 26, 2019, the Debtors filed a Motion for Entry of an Order (I) Converting Their Chapter Cases to Cases Under Chapter 7 and (II) Granting Related Relief [D.I. 355] (the "Conversion Motion"). On July 23, 2019, the Court entered an Order granting the Conversion Motion, and George L. Miller was appointed as the interim Chapter 7 trustee (the "Chapter 7 Trustee") in the Debtors' Chapter 7 bankruptcy cases (the "Chapter 7 Cases"). See D.I. 398, 299.

On September 1, 2020, Amerisource appeared in the Estate of Correa Action.

Pursuant to Section 13 of the CSA, BeavEx had agreed to indemnify Amerisource for any liability arising out the acts or omissions of BeavEx or its employees, agents, representatives or Subcontractors and/or the personal injury or death of any person or damage to property, including third parties and their property, regardless of where such injury or damage took place, relevant to BeavEx or its employees, agents, Subcontractors or other representatives in the performance of any services except to the extent that such personal injuries are caused by the negligent, intentional or reckless acts or omissions of Amerisource.

Pursuant to Section 11 of the CSA, BeavEx was to procure and provide insurance coverage for Amerisource for bodily injury arising out of the services provided by BeavEx to Amerisource. Such insurance policy was also to name Amerisource as an additional insured. The Debtor purchased the Policy, which provides coverage for claims against the Debtor that arise out of bodily injuries taking place between December 31, 2016, and December 31, 2017. Amerisource

128786674.1

4

was added as an additional insured. A certificate of insurance was issued to Amerisource with respect to the Policy, evidencing that the Policy provides the Debtor with coverage for the claims asserted against them in the Estate of Correa Action and for which claims Amerisource seeks leave to proceed.

The Debtor initially defended themselves in the Estate of Correa Action through the law firm McGuire Woods LLP. BeavEx now represents itself pro se, however because of the automatic stay provisions of the Bankruptcy Code, BeavEx is not actively participating in the Estate of Correa Action. In addition, any claims against BeavEx that result from the Estate of Correa Action would be prepetition unsecured claims.

During the course its business relationship with the Debtor, Amerisource would receive Certificates of Insurance confirming the existence of insurance for BeavEx as required by the CSA. Attached hereto as Exhibit A is a copy of a such a Certificate of insurance confirming the existence of four insurance policies under which the Debtors are named insureds that were (or should have been) in effect on the date of the accident, June 14, 2017. The insurance policies include: (i) a courier cargo insurance policy underwritten by Certain Underwriters at Lloyd's London with a policy number of FINFR1701672; (ii) automobile liability insurance underwritten by Lloyds of London with a policy number of FINFR1701672; (iii) commercial liability coverage underwritten by Everest Indemnity Insurance Company with a policy number of CF4GL00867161; and (iv) excess liability coverage underwritten by Navigators Specialty Insurance Company with a policy number of HO17EXC8297501C; there may be other applicable insurance policy revealed during discovery in Estate of Correa Action (collectively, the "Insurance Policies").

Now therefore, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Stipulation, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

## STIPULATION

This Stipulation is deemed effective on the date it is executed by both parties hereto and approved by the Bankruptcy Court (the "Stipulation Effective Date"). Promptly after execution by the Parties, the Trustee shall seek approval of the Stipulation by the Bankruptcy Court. On the Stipulation Effective Date, Amerisource shall have limited relief from the automatic stay in the Chapter 7 Cases solely for the purposes of pursuing the Estate of Correa Action against the Debtors as nominal defendants at no cost to the Debtors' estate, Insurance Policies, and any non-Debtor defendants, provided that (a) any recovery in the Correa Estate Action by Amerisource shall be had solely from the proceeds of the Insurance Policies, (b) nothing contained herein shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtors that may be implicated hereby, and (c) any self-insured retention provisions of any insurance policies shall remain in full force and effect, provided that the Debtors' estates shall have no obligation under the Insurance Policies or any insurance policies to spend any money or incur any cost in defense of the Estate of Correa Action.

Upon the Stipulation Effective Date, Amerisource waive their rights, if any, to any distribution from the Debtors' estates, and any right to collect from an of the Debtors' estates, with respect to any claims, including, without limitation the claims asserted by Amerisource in the Estate of Correa Action against the Debtors; provided that in no event shall the foregoing waiver prevent Amerisource from pursuing the claims asserted in the Estate of Correa Action against any proceeds of the Insurance Policies, pursuit of which is expressly reserved.

This Stipulation shall be governed by the laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles, or any other rule or regulation that would result in application of any other state's law.

This Stipulation may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute on and the same agreement. Facsimile or otherwise electronically transmitted signatures shall be deemed to have the full force and effect of original ink signatures.

128786674.1                                                    6

The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation. Amerisource consents to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties hereto arising from or relating to this Stipulation. Any motion of application brought before the Bankruptcy Court to resolve a dispute arising from or relating to this Stipulation shall be brought on proper notice in accordance with relevant Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

Each Party shall bear its own costs and expenses with respect to this Stipulation.

Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation and (b) that each party signing this Stipulation is entered into this Stipulation knowingly, voluntarily, and of its own free will.

Except as provided for herein, the automatic stay in the Chapter 7 Cases shall remain in full force and effect.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 24, 2023
Wilmington, Delaware

Respectfully submitted,

/s/ Rafael X. Zahralddin-Aravena, Esq
Rafael X. Zahralddin, Esquire (DE No. 4166) 500
LEWIS BRISBOIS BISGAARD & SMITH, LLP
Delaware Avenue
Wilmington, DE 19801
Telephone: (302) 985-2004
Facsimile: (302) 985-2001
E-mail: Rafael.Zahralddin@lewisbrisbois.com

and

Robert Scott (Ca. Bar No. 151775)
Bryan Ceglio (Ca. Bar No. 312682)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
2185 N. California Blvd., Suite 300
Walnut Creek, CA 94596
Telephone: (925) 357-3456
Facsimile: (925) 478-3260
E-mail: Robert.Scott@lewisbrisbois.com
　　　　Bryan.Ceglia@lewisbrisbois.com

*Counsel to AmerisourceBergen Dr/ug Corporation*

Dated: August 24, 2023
Wilmington, Delaware

Respectfully submitted,

/s/ David M. Klauder
David M. Klauder, Esquire (DE No. 5769)
Thomas D. Bielli, Esquire
BIELLI & KLAUDER, LLC
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: dklauder@bk-legal.com
E-mail: tbielli@bk-legal.com

*Counsel to George L. Miller, solely in his capacity as the Chapter 7 Trustee*